UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. PLASSE<br><br>              Plaintiff,<br><br>vs.<br><br>TYCO ELECTRONICS<br>CORPORATION,<br><br>              Defendant. | Civil Action No. 04-30056-KPN |

### TYCO ELECTRONICS CORPORATION'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446(d) and §1332, Defendant hereby gives notice of the removal of the above-captioned action from the Superior Court, Hampden County, Massachusetts. As grounds for removal, Defendant states the following:

1.     Plaintiff filed a Complaint in Hampden County Superior Court, Massachusetts on February 6, 2004 (Superior Court Civil Action No. CV-04-144). On March 1, 2004 a Summons and copy of the Complaint were delivered to CT Corporation in Boston, Massachusetts. Copies of the Summons and Complaint are attached Exhibit 1. No other pleading, process or order has been served upon the defendant in this action.

2.     There is complete diversity of citizenship between the parties. Plaintiff alleges that he is a Massachusetts resident. Defendant is incorporated in the Commonwealth of Pennsylvania and maintains its principal place of business in Pennsylvania.

3.     The amount in controversy in this action, upon information and belief, exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Pursuant to 28 U.S.C. § 1446(d), Defendant's counsel is filing a copy of this Notice of Removal with the Hampden County Superior Court, Massachusetts, and is sending a copy of the Notice of Removal to plaintiff's counsel.

6. Defendant has requested and will file separately a certified copy of the record in this case for the Hampden County Superior Court in compliance with Local Rule 81.1.

WHEREFORE, Defendant Tyco Electronics Corporation respectfully requests that the action now pending in Hampden County Superior Court, Massachusetts be removed to the United States District Court, District of Massachusetts.

DATED: March 22, 2004.

Respectfully submitted,

TYCO ELECTRONICS CORPORATION,

By its attorneys:

_____
Jeffrey D. Clements, BBO #632544
Clements & Clements LLP
50 Federal Street
Boston, MA 02110
(617) 451-1803

**CERTIFICATE OF SERVICE**

I, Jeffrey D. Clements, hereby certify that a copy of the foregoing document was served by first class mail to counsel of record for the plaintiff on March 22, 2004.

_____
Jeffrey D. Clements

(TORT) MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 04-144

James M. Plasse, PLAINTIFF(S)

V.

SUMMONS

Tyco Electronics Corp. ~~yc~~, DEFENDANT(S)

To the above named defendant:

You are hereby summoned and required to serve upon Maurice M. Cahillane, Esq. 67 Market Street, Springfield, MA 01103, plaintiff's attorney, whose address is _____, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the ___6th___ day of __February__ in the year of our Lord two thousand ~~three~~ four.

True copy Attest:
3/1/04
Deputy Sheriff Suffolk County

Clerk/Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No.1

(Margin note, left side:) NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                           SUPERIOR COURT DEPARTMENT
                                       OF THE TRIAL COURT
                                       CIVIL ACTION NO.

                                       04   144

JAMES M. PLASSE,          )
        Plaintiff         )
                          )
Vs.                       )            COMPLAINT
                          )
TYCO ELECTRONICS,         )
        Defendant         )

1. The plaintiff, James M. Plasse, is a natural person residing at 19 Hillary Lane, Westfield, Hampden County.

2. The defendant, Tyco Electronics, is a Pennsylvania corporation with a principal place of business at 2901 Fulling Mill Road, Middletown, Pennsylvania and transacts business in the Commonwealth.

3. In August of 2000, the plaintiff became employed by Tyco Electronics's Printed Circuit Group as Controller. During his employment, he performed his job appropriately at all times.

4. While employed as Controller, the plaintiff complained to his supervisor, Fotos, about practices used by Tyco Electronics that were deceptive and not in keeping with generally accepted accounting principles. These included double billing on items that had been returned by customers, counting as sales items that had been returned and billing items before they had been shipped. These actions had the effect of inflating company financial reports, which would inevitably have the effect

of creating deceptive financial statements distributed to the public.

5. Subsequent to his complaints, the plaintiff was terminated on February 25, 2002 on false grounds that he had improperly disseminated information to employees. These actions were taken against the plaintiff by Fotos and Soder in retaliation for his complaints regarding the company's improper accounting practices.

6. At the time of the plaintiff's termination, Fotos was the Global Controller and Soder was the Executive Vice President of Tyco Electronics's Printed Circuit Group.

7. During the plaintiff's employment, Tyco Electronics maintained and disseminated to employees a policy entitled "Tyco Guide to Ethical Conduct". That policy promised employees that if they reported any inappropriate or unethical conduct within Tyco Electronics, they would be protected from retaliation. The policy also made specific reference to generally accepted accounting principles.

## COUNT I

Wrongful Termination - v. Tyco Electronics

8. The plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1-9.

9. The plaintiff was terminated in retaliation for his insistence that Tyco Electronics do what the law required in retaliation for his reporting of internal company actions which violated the law and, therefore, in violation of public policy.

Wherefore, the plaintiff prays:

a. That judgment be entered in his favor.

b. That he be awarded all his actual damages.

c. That he be awarded interest, costs and attorney's fees.

d. That the Court grant such other and further relief as it deems just.

## COUNT II

### Promissory Estoppel - v. Tyco Electronics

10. The plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1-11.

11. By its actions, Tyco Electronics promised employees that it would not retaliate if they reported unethical or illegal conduct within the Company. The plaintiff relied on this promise and was terminated in violation of it.

Wherefore, the plaintiff prays:

a. That judgment be entered in his favor.

b. That he be awarded his actual damages for his reliance on the defendant's promise.

c. That he be awarded interest, costs and attorney's fees.

d. That the Court grant such other and further relief as it deems just.

PLAINTIFF DEMANDS A TRIAL BY JURY.

THE PLAINTIFF,
JAMES M. PLASSE
By his attorney:

Dated: February 6, 2004

*[signature]*
Maurice M. Cahillane, Esq.
Egan, Flanagan and Cohen, P.C.
67 Market Street - P.O. Box 9035
Springfield, MA  01102-9035
Telephone: (413) 737-0260
Fax:       (413) 737-0121
BBO# 069660

11094-030300\55431.wpd