FILED
CLERK'S OFFICE

## HDCV2004-00144
### Plasse v Tyco Electronics

U.S. DISTRICT COURT
DISTRICT OF MASS.
04 CV 30056-MAP

| | | | | |
|---|---|---|---|---|
| File Date | 02/06/2004 | Status | Disposed: transfered to other court (dtrans) | |
| Status Date | 03/31/2004 | Session | A - Civil A - CtRm 6 | |
| Origin | 1 | Case Type | B99 - Misc tort | |
| Lead Case | | Track | F | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 05/06/2004 | Answer | 07/05/2004 | Rule12/19/20 | 07/05/2004 |
| Rule 15 | 07/05/2004 | Discovery | 12/02/2004 | Rule 56 | 01/01/2005 |
| Final PTC | 01/31/2005 | Disposition | 04/01/2005 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
James M Plasse
Active 02/06/2004

**Private Counsel 069660**
Maurice M Cahillane
Egan Flanagan & Cohen
67 Market Street
PO Box 9035
Springfield, MA 01102-9035
Phone: 413-737-0260
Fax: 413-737-0121
Active 02/06/2004 Notify

**Defendant**
Tyco Electronics
Service pending 02/06/2004

**Private Counsel 632544**
Jeffrey D Clements
Clements & Clements, LLP
50 Federal Street
Boston, MA 02110
Phone: 617-451-1803
Fax:
Active 03/31/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 02/06/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 02/06/2004 | | Origin 1, Type B99, Track F. |
| 03/23/2004 | | Pleading, Tyco Electronics Corporation's answer to complaint certified by U.S. District Court and Notice of Removal, returned to Jeffrey D. Clements Esq.: will send in certified copy of notice of removal to U.S. District Court. |
| 03/31/2004 | 2.0 | Deft's. notice of removal to U.S. District Court. |
| 03/31/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

A true copy.
Attest:

*[signature]*

DEPUTY Assistant Clerk

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: _____ | Docket Number 04 144 |
|---|---|---|

| PLAINTIFF(S) James M. Plasse | DEFENDANT(S) Tyco Electronics |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Maurice M. Cahillane; Egan, Flanagan & Cohen 67 Market St., Springfield, MA 01103 Board of Bar Overseers number: 069660 | ATTORNEY (if known) |

Place an x in one box only:
Origin code and track designation
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. c. 231, s.104 (Before trial)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript;relief from judgment/Order (Mass.R.Civ.P. 60)
[ ] 6. E10 Summary Process Appeal (X)

| CODE NO. | TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Wrongful Termination | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . $ . . .
2. Total Doctor expenses . . . $ . . .
3. Total chiropractic expenses . . . $ . . .
4. Total physical therapy expenses . . . $ . . .
5. Total other expenses (describe) . . . $ . . .
   Subtotal $ OVER
B. Documented lost wages and compensation to date . . . $ 50,000
C. Documented property damages to date . . . $ . . .
D. Reasonably anticipated future medical and hospital expenses . . . $ . . .
E. Reasonably anticipated lost wages . . . $ . . .
F. Other documented items of damages (describe) . . . $ . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Plaintiff was wrongfully terminated suffering lost wages and compensation.
   $ OVER
   TOTAL: $ 50,000

[Stamp: HAMPDEN COUNTY SUPERIOR COURT FILED FEB 6 2004]

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL    $ . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _[signature]_    DATE: 2/6/04

A true copy.
A.O.S.C. 2003
Attest:
_[signature]_ Donna M. _____
DEPUTY Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                                    SUPERIOR COURT DEPARTMENT
                                                OF THE TRIAL COURT
                                                CIVIL ACTION NO. 04 144

JAMES M. PLASSE,              )
        Plaintiff             )
                              )
Vs.                           )         **COMPLAINT**
                              )
TYCO ELECTRONICS,             )
        Defendant             )

1. The plaintiff, James M. Plasse, is a natural person residing at 19 Hillary Lane, Westfield, Hampden County.

2. The defendant, Tyco Electronics, is a Pennsylvania corporation with a principal place of business at 2901 Fulling Mill Road, Middletown, Pennsylvania and transacts business in the Commonwealth.

3. In August of 2000, the plaintiff became employed by Tyco Electronics's Printed Circuit Group as Controller. During his employment, he performed his job appropriately at all times.

4. While employed as Controller, the plaintiff complained to his supervisor, Fotos, about practices used by Tyco Electronics that were deceptive and not in keeping with generally accepted accounting principles. These included double billing on items that had been returned by customers, counting as sales items that had been returned and billing items before they had been shipped. These actions had the effect of inflating company financial reports, which would inevitably have the effect

of creating deceptive financial statements distributed to the public.

5. Subsequent to his complaints, the plaintiff was terminated on February 25, 2002 on false grounds that he had improperly disseminated information to employees. These actions were taken against the plaintiff by Fotos and Soder in retaliation for his complaints regarding the company's improper accounting practices.

6. At the time of the plaintiff's termination, Fotos was the Global Controller and Soder was the Executive Vice President of Tyco Electronics's Printed Circuit Group.

7. During the plaintiff's employment, Tyco Electronics maintained and disseminated to employees a policy entitled "Tyco Guide to Ethical Conduct". That policy promised employees that if they reported any inappropriate or unethical conduct within Tyco Electronics, they would be protected from retaliation. The policy also made specific reference to generally accepted accounting principles.

## COUNT I

### Wrongful Termination - v. Tyco Electronics

8. The plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1-9.

9. The plaintiff was terminated in retaliation for his insistence that Tyco Electronics do what the law required in retaliation for his reporting of internal company actions which violated the law and, therefore, in violation of public policy.

Wherefore, the plaintiff prays:

a. That judgment be entered in his favor.

b. That he be awarded all his actual damages.

c. That he be awarded interest, costs and attorney's fees.

d. That the Court grant such other and further relief as it deems just.

## COUNT II

### Promissory Estoppel - v. Tyco Electronics

10. The plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1-11.

11. By its actions, Tyco Electronics promised employees that it would not retaliate if they reported unethical or illegal conduct within the Company. The plaintiff relied on this promise and was terminated in violation of it.

Wherefore, the plaintiff prays:

a. That judgment be entered in his favor.

b. That he be awarded his actual damages for his reliance on the defendant's promise.

c. That he be awarded interest, costs and attorney's fees.

d. That the Court grant such other and further relief as it deems just.

PLAINTIFF DEMANDS A TRIAL BY JURY.

                                            THE PLAINTIFF,
                                            JAMES M. PLASSE
                                            By his attorney:

Dated:   February 6, 2004

                                            /s/ Maurice M. Cahillane
                                            Maurice M. Cahillane, Esq.
                                            Egan, Flanagan and Cohen, P.C.
                                            67 Market Street - P.O. Box 9035
                                            Springfield, MA   01102-9035
                                            Telephone:  (413) 737-0260
                                            Fax:           (413) 737-0121
                                            BBO# 069660

11094-030300\55431.wpd

A true copy.

   Attest: /s/ Donna M. Liebel
       DEPUTY Assistant Clerk

-4-