UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. PLASSE<br><br>**Plaintiff,**<br><br>vs.<br><br>TYCO ELECTRONICS CORPORATION,<br><br>**Defendant.** | Civil Action No. 04-CV-30056-MAP |

**TYCO ELECTRONICS CORPORATION'S MOTION FOR LEAVE TO FILE AMENDED ANSWER TO COMPLAINT**

Defendant Tyco Electronics Corporation ("Tyco Electronics") moves pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to amend its Answer to Plaintiff's Complaint so as to state additional affirmative defenses and to respond to certain allegations based on factual information, including fraudulent representations of Plaintiff, James Plasse, learned by Defendant in discovery to date.[1]  A proposed First Amended Answer to Complaint is attached hereto as Exhibit 1.

The amended portions of Tyco Electronics' Answer are based on evidence obtained from Mr. Plasse in his recent deposition, including compelling evidence that the Mr. Plasse obtained his employment by fraudulently claiming to have a Masters of Business Administration degree ("MBA") and submitted false documentation concerning that claim.  Tyco Electronics has ample grounds to raise Mr. Plasse's fraudulent employment application as an affirmative defense both as to liability and damages.  *See Prozinski v. Northeast Real Estate Services, LLC*, 59 Mass.App.Ct. 599, 610-612, 797

---

[1] The Court's Scheduling Order provides that motions to amend pleadings may be brought on or before January 25, 2005.

N.E.2d 415, 424-426 (2003).  *See also*  Fed. R. Civ. P. 8(c); *Red Deer v. Cherokee County, Iowa*, 183 F.R.D. 642, 653 (N.D. Iowa 1999) ("'[A]fter-acquired evidence' is an affirmative defense that must indeed be pleaded and proved pursuant to Rule 8(c).")

In addition, Tyco Electronics' Amended Answer includes additional affirmative defenses based on Mr. Plasse's own testimony indicating that his allegations do not implicate public policy, and involve internal matters because he never raised any of his alleged concerns with Tyco Electronics' reporting hotline, internal auditors, external auditors, legal counsel, human resources personnel, or other internal resources that he knew were available for addressing issues such as those he now alleges.  *See Mello v. Stop & Shop Cos.*, 402 Mass. 555, 560-561, 524 N.E. 2d 105 (1988) (termination of employee who reported false damage claims could not be wrongful because claims were an internal matter); *Wright v. Shriners Hospital for Crippled Children*, 412 Mass. 469 (1992) (where reports were made within organization but not to public officials, reports were internal matter, and could not be basis for public policy exception); *King v. Driscoll*, 418 Mass. 576, 581 (1994) (public policy relating to financial well-being of corporation nonetheless does not prevent employer from terminating an employee who participated in shareholder derivative suit against employer).

In support of this motion, Tyco Electronics submits the accompanying Memorandum and Exhibits.

Respectfully submitted,

TYCO ELECTRONICS CORPORATION,

By its attorneys:

/s/ Jeffrey D. Clements

_____

Jeffrey D. Clements, BBO #632544
Clements & Clements LLP
50 Federal Street
Boston, MA 02110
(617) 451-1802

**CERTIFICATE OF SERVICE**

I, Jeffrey D. Clements, hereby certify that a copy of the foregoing document was served by first class mail to counsel of record for the plaintiff on January 24, 2005.

/s/ Jeffrey D. Clements
_____
Jeffrey D. Clements

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

I, Jeffrey D. Clements, hereby certify that counsel discussed the above motion to amend at the Scheduling Conference, and that I left a voicemail with Maurice Cahillane, counsel for Plaintiff James Plasse, on January 24, 2005 to determine whether Plaintiff opposes or assents to this motion.

/s/ Jeffrey D. Clements

_____