UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. PLASSE<br><br>           Plaintiff,<br><br>vs.<br><br>TYCO ELECTRONICS<br>CORPORATION,<br><br>           Defendant. | Civil Action No.  04-CV-30056-MAP |

**TYCO ELECTRONICS CORPORATION'S MEMORANDUM IN SUPPORT
OF MOTION FOR LEAVE TO FILE AMENDED ANSWER TO COMPLAINT**

Defendant Tyco Electronics Corporation ("Tyco Electronics") moves pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to amend its Answer to Plaintiff's Complaint so as to state additional affirmative defenses and to respond to certain allegations based on factual information, including fraudulent representations of Plaintiff, James Plasse, learned by Defendant in discovery to date.[1]  A proposed First Amended Answer to Complaint is attached hereto as Exhibit 1.

The amended portions of Tyco Electronics' Answer are based on evidence obtained from Mr. Plasse in his recent deposition, including compelling evidence that the Mr. Plasse obtained his employment by fraudulently claiming to have a Masters of Business Administration degree ("MBA") and submitted false documentation concerning that claim.  In addition, Tyco Electronics requests leave to state additional affirmative defenses based on Mr. Plasse's own testimony indicating that his allegations do not implicate public policy, and involve internal matters because he never raised any of his

---

[1]      The Court's Scheduling Order provides that motions to amend pleadings may be brought on or before January 25, 2005.

alleged concerns with Tyco Electronics' reporting hotline, internal auditors, external auditors, legal counsel, human resources personnel, or other internal resources that he knew were available for addressing issues such as those he now alleges.

### I.   Background

Plaintiff is a former Controller in Tyco Electronics' Printed Circuit Group facility. His employment was terminated on February 25, 2003.[2] On February 6, 2004 Mr. Plasse brought this action alleging that he was terminated in retaliation for raising accounting issues, and that although he was an employee at will, his termination was wrongful because it allegedly violated public policy.  Count II of Plaintiff's Complaint made a similar claim based on promissory estoppel, alleging that Plaintiff relied on a promise that he would not be terminated if he reported allegedly unethical or illegal conduct.  (*See* Complaint).

On November 19 and 29, 2004 Tyco Electronics took Mr. Plasse's deposition. Tyco Electronics' Motion for Leave to File Amended Answer is based on the following evidence from plaintiff's deposition, and additional discovery from third parties:[3]

- In applying for the position of Controller, a position in which truthfulness and ethical conduct are essential, Mr. Plasse fraudulently claimed to have an MBA degree from Western New England College.  Mr. Plasse included this false claim not only in his resume, but also in his own handwriting in his Application for Employment.

- Mr. Plasse admitted in his deposition that he never received an MBA degree from Western New England College or any other institution.

- Mr. Plasse testified that he was a "candidate" for an MBA degree from Western New England College, and that he thinks he told Tyco

---

[2]   Plaintiff acknowledges that the allegation in Paragraph 5 of the Complaint that he was terminated in February 25, <u>2002</u> is mistaken.

[3]   Mr. Plasse's deposition and related documents from which this evidence arises are attached as exhibits to Tyco Electronics Memorandum in Support of Motion to Dismiss, which is filed herewith.

- Electronics personnel when he applied for the position as Controller that he was an "MBA Candidate," notwithstanding his claims of an MBA on his resume and on the application form contained in his personnel file.

- Western New England College has confirmed that Mr. Plasse was not only not a candidate for an MBA in 2000 when he applied for the position as Controller, but that he was never a candidate for an MBA. Instead, Mr. Plasse's only activity at Western New England College involved attendance at three <u>non-degree</u> classes in 1989 and 1990.

- Mr. Plasse executed an acknowledgement in his employment application confirming that he understood his employment was "at-will. This means that either the Company or employee may terminate the employment relationship at any time, for any reason, with or without cause or notice."

- Mr. Plasse's employment application also contained his agreement that the information provided in the application and on his resume (such as his MBA claims) "is true and complete to the best of my knowledge. I also agree that any falsified information or omissions may disqualify me from further consideration for employment and <u>may be considered justification for dismissal if discovered at a later date</u>."

- Despite his knowledge that he could bring any complaint or concern to an employee complaint hotline, human resources personnel, legal department personnel, external auditors, internal auditors, or the Vice-President of Finance, Mr. Plasse never brought any complaints, concerns or issues about accounting to any of these resources. Further, Mr. Plasse never brought any complaint or concern to an audit committee, director, or the Securities & Exchange Commission.

## II.   <u>Argument</u>

A defendant may amend its answer with leave of court, "and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Generally, leave to amend will be given unless such amendment would be futile, would be prejudicial to the opposing party, or was the result of 'undue or intended delay.'" *Albertini v. Summit Technical Services, Inc.,* 287 F.Supp.2d 92, 94 (D.Mass. 2003), *quoting Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994). Tyco Electronics moves to amend its Answer and Affirmative Defenses to address the evidence of Mr. Plasse's fraudulent representation

when obtaining his employment that he had an MBA degree.[4] *See* Fed. R. Civ. P. 8(c); *Red Deer v. Cherokee County, Iowa*, 183 F.R.D. 642, 653 (N.D. Iowa 1999) ("'[A]fter-acquired evidence' is an affirmative defense that must indeed be pleaded and proved pursuant to Rule 8(c).")

In *McKennon v. Nashville Banner Pub'g Co.,* 513 U.S. 352 (1995), the Supreme Court held that under federal sex discrimination statutes after-acquired evidence of employee misconduct warranting termination may not bar the employee from proving liability, but that it may render the employee ineligible for front pay and reinstatement, and limit backpay to the period between the unlawful termination and the date on which discovery was made. Since *McKennon* was decided, courts have continued to address whether such after-acquired evidence of misconduct, including the type of "resume fraud" engaged in by Mr. Plasse, may not only limit damage claims, but may bar claims outright in cases that may be distinguished from *McKennon* by the absence of a statutory claim. *See e.g. Lewis v. Fisher Service Co.*, 495 S.E.2d 440, 444 (S.C. Sup. Ct. 1998) (the rationales underlying *McKennon* are inapplicable in employment contract cases and therefore after-acquired evidence of misconduct may be proffered as a complete bar to liability in an employee handbook breach of contract action); *Crawford Rehabilitation Services, Inc. v. Weissman*, 938 P.2d 540 (Col. Sup. Ct. 1997) (*en banc*) (after-acquired evidence of resume fraud may provide an employer with a complete defense to claims for breach of implied contract and promissory estoppel); *McDill v. Environamics Corp.,* 144 N.H. 635, 640-641, 757 A.2d 162 (2000) (applying after-acquired evidence doctrine as

---

[4]   The Amended Answer also addresses certain allegations based on discovery to date. *See* ¶ 5; Affirmative Defenses 6-9.

bar to employee's recovery on contract and as limitation on damages in tort in New Hampshire).

Although Massachusetts has not explicitly addressed the question, Tyco Electronics has ample grounds to raise Mr. Plasse's fraudulent employment application as an affirmative defense both as to liability and damages. *See Prozinski v. Northeast Real Estate Services, LLC*, 59 Mass.App.Ct. 599, 610-612, 797 N.E.2d 415, 424-426 (2003) (noting that "Massachusetts has not expressly adopted the 'after-acquired evidence doctrine,' although there exists some authority to suggest that it has been implicitly adopted."). *See also Flesner v. Technical Communications Corp.*, 410 Mass. 805, 815-817, 575 N.E.2d 1107 (1991) (discussing but declining to address after- acquired evidence argument because "[e]ven if the defendants are correct that they may show that their 'after the fact' discovery of legitimate reasons for discharging Flesner precludes recovery, resolution of this issue is not appropriate at the summary judgment stage."); *Guzman v. United Airlines, Inc.,* 1990 WL 105732 at 4 (D. Mass. 1990) (granting defendant employer's motion for summary judgment in part because plaintiff could not demonstrate essential element of discrimination claim, that he was qualified for employment and could perform satisfactorily, where defendant averred that plaintiff would have been terminated for falsehood in application.)

### III.     Conclusion

For the foregoing reasons, Tyco Electronics respectfully requests leave to file its Amended Answer to Plaintiff's Complaint, attached as Exhibit 1.

Respectfully submitted,

TYCO ELECTRONICS CORPORATION,

By its attorneys:

/s/ Jeffrey D. Clements

_____
Jeffrey D. Clements, BBO #632544
Clements & Clements LLP
50 Federal Street
Boston, MA 02110
(617) 451-1802

**CERTIFICATE OF SERVICE**

I, Jeffrey D. Clements, hereby certify that a copy of the foregoing document was served electronically and by first class mail to counsel of record for the plaintiff on January 24, 2005.

/s/ Jeffrey D. Clements
_____
Jeffrey D. Clements