**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JAMES M. PLASSE**, <br><br> **Plaintiff,** <br><br> vs. <br><br> **TYCO ELECTRONICS CORPORATION**, <br><br> **Defendant.** | **Civil Action No. 04-CV-30056-MAP** |

**TYCO ELECTRONICS CORPORATION'S FIRST
AMENDED ANSWER TO COMPLAINT**

Defendant Tyco Electronics Corporation answers Plaintiff's Complaint as follows:

1. Defendant admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant admits that Plaintiff became employed by Defendant's Printed Circuit Group as a controller in August 2000, but avers that Plaintiff did so by intentionally misrepresenting his educational credentials, and that Plaintiff falsely claimed to have an MBA degree. Had Defendant known of Plaintiff's false representation, Defendant would not have employed Plaintiff. Defendant denies the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendant denies the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.      Defendant denies that Plaintiff's employment was terminated in February 2002. Plaintiff's employment was terminated in February 2003. Defendant denies the remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

6.      Plaintiff admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.      Defendant admits that it maintains and disseminates to employees policies and standards of conduct. Defendant denies that Plaintiff has accurately described or characterized those policies and standards, and denies the remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

## COUNT I
## Wrongful Termination

8.      Defendant restates each of the responses contained in paragraph 1 through paragraph 7.

9.      Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

## COUNT II
## Promissory Estoppel

10.     Defendant restates each of the responses contained in paragraph 1 through paragraph 9.

11.     Defendant denies that Plaintiff has accurately characterized its policies concerning employee reporting of illegal or unethical conduct, and denies the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails because Plaintiff was an employee at will, and Plaintiff's employment was terminated for legitimate reasons, in the valid exercise of Defendant's business judgment.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails due to laches.

**FOURTH AFFIRMATIVE DEFENSE**

Any claim of Plaintiff fails or is reduced due to the Plaintiff's failure to mitigate any damages allegedly incurred.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or recovery of damages are barred, by Plaintiff's fraudulent conduct in obtaining employment with Tyco Electronics in that Plaintiff submitted a resume containing the false statement that he had been awarded a Masters of Business Administration (MBA) degree, submitted a written application with the same false statement, and otherwise intentionally misrepresented his credentials and education. Defendant relied on these misrepresentations, and had Defendant been aware of these misrepresentations, Plaintiff would not have been hired, and if hired before Defendant learned of the misrepresentations, would have been terminated immediately upon discovery of the false representations.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's wrongful termination claim and/or recovery of damages are barred because his allegations do not implicate public policy, and concern internal matters of the Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's wrongful termination claim and/or recovery of damages are barred because Plaintiff failed to exercise remedies available under federal law, and failed to raise any of his allegations with, or exercise the many avenues of redress available to him from, Defendant's internal resources and external auditors.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's wrongful termination claim and/or recovery of damages are barred because the public policy alleged to be implicated by Plaintiff is adequately vindicated by state and federal law, including provisions of the Sarbanes-Oxley Act.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's promissory estoppel claim and/or recovery of damages are barred because Plaintiff did not rely on any promise of Defendant.

WHEREFORE, Defendant demands that the Plaintiff's Complaint be dismissed, that judgment be entered in favor of Defendant and against Plaintiff, and that Defendant be awarded its costs and fees, and any appropriate further relief.

    Respectfully submitted,

    TYCO ELECTRONICS CORPORATION,

    By its attorneys:

    /s/ Jeffrey D. Clements

    _____
    Jeffrey D. Clements, BBO #632544
    Clements & Clements LLP
    50 Federal Street
    Boston, MA 02110
    (617) 451-1802

**CERTIFICATE OF SERVICE**

    I, Jeffrey D. Clements, hereby certify that a copy of the foregoing document was served by first class mail to counsel of record for the plaintiff on January ___, 2005.

        /s/ Jeffrey D. Clements
        _____
        Jeffrey D. Clements