**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JAMES M. PLASSE** | |
|         Plaintiff, | |
| vs. | Civil Action No. 04-CV-30056-MAP |
| **TYCO ELECTRONICS CORPORATION,** | |
|         Defendant. | |

**TYCO ELECTRONICS CORPORATION'S REPLY TO
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

### I.     Introduction.

Tyco Electronics Corporation ("Tyco Electronics") has moved to dismiss this case because of Mr. Plasse's clear and deliberate fraud on the Court. In his memorandum in opposition to the motion, Mr. Plasse mischaracterizes the issue and the relevant documents so as to suggest ambiguous and "hotly disputed facts." However, the relevant facts are neither ambiguous nor hotly contested. The documents and Mr. Plasse's own sworn testimony in his deposition speak for themselves, and leave no room for doubt that Mr. Plasse lied about his qualifications when he was hired by Tyco Electronics, and that he tried to cover up that lie by creating a bogus document and by concocting conflicting stories when confronted with this fabrication.

Tyco Electronics files this reply memorandum to dispel any confusion arising from Mr. Plasse's opposition memorandum, which seeks to cloud the issue in at least three ways. First, Mr. Plasse mischaracterizes what underlies Tyco Electronics' motion. Second, he tries to create unnecessary confusion about what documents were produced by Tyco Electronics. Third, he tries

to downplay the seriousness of his misconduct. The Court should not be led astray by any of these tactics. The record is clear that Mr. Plasse lied to Tyco when he was hired, that he lied again during his deposition, and that he created a fraudulent document to bolster his lies. This behavior constitutes fraud on the court because it is egregious misconduct and because it was designed to unfairly obstruct an important element of Tyco Electronics' defense in this matter. For these reasons, Tyco Electronics reiterates its request that this matter be dismissed.

## II.     Argument.

### A.     The Plaintiff Lied to Tyco Electronics About His Qualifications, And Gave False Testimony And Fabricated A Document To Conceal His Lies.

When Mr. Plasse applied for the position of controller at Tyco Electronics, he asserted that he held a Masters in Business Administration ("MBA") from Western New England College. He stated that he had such an MBA in his resume, see Def.'s Mot. to Dismiss, Ex. 1, 15 (Mr. Plasse's personnel file), and he made the same claim again when he filled out Tyco Electronics' employment form. See Def.'s Mot. to Dismiss, Ex. 2 at 262-65 (Mr. Plasse stating that he filled out and signed the employment form). However, by his own admission, Mr. Plasse has never held an MBA. See Def.'s Mot. to Dismiss, Ex. 2 at 8-9, 14-15, 253-56. See also Def.'s Motion to Dismiss, Ex. 7 (Western New England College transcript).

When Mr. Plasse was deposed, he asserted at least five times that all of his resumes identify him as a "candidate" for an MBA, and added, "My resume at Tyco says candidate for master's degree." Def.'s Mot. to Dismiss, at 4 and Ex. 2 at 22. As Mr. Plasse's personnel file shows, however, this statement was false; the resume Mr. Plasse submitted to Tyco Electronics (and his hand-written application) describe his claimed MBA credentials, and makes no mention of him merely being a "candidate." See Def.'s Mot. to Dismiss, Exs. 1, 6.[1] Mr. Plasse then tried

---

[1]     Again, even the MBA "candidate" claim is false. See Def's Mot. to Dismiss at 8 and Ex. 7.

2

to bolster this lie by producing a four-page document which he claimed was a copy of the cover letter and resume he faxed to Tyco Electronics when he applied to become a controller.  See Def.'s Mot. to Dismiss, Ex. 6.  The resume contained in this newly discovered document described Mr. Plasse's graduate education as "Western New England College, Springfield, MA (Pursuing MBA/Candidate)".  This version of the document, however, does not correspond to the resume actually received by Tyco Electronics with Mr. Plasse's application, nor to any resume in Mr. Plasse's personnel file (all of which contain the false MBA claim).

During his deposition, Mr. Plasse was utterly incapable of giving a coherent explanation of the source of this new version of his resume, nor does he offer one now.  When asked where he had found this copy of his resume, Mr. Plasse responded, "Actually, I had it in my briefcase." Def.'s Mot. to Dismiss, Ex. 2 at 257.  After more questioning, Mr. Plasse began shifting his story and explained that "It may have been an older briefcase or it may have been a portfolio it was in." Id. at 351.  Mr. Plasse's explanation for where he found this document changed yet again towards the end of his deposition when he said, "it was in another folder with some Tyco booklets that I have." Id. at 354.  When asked where this folder was located, he said, "It was in my desk next – in another folder separate from the emails that I had." Id. at 355.  He then reiterated that he had not kept it in a briefcase but in a "desk drawer" at his home. Id. at 355.  It simply is not credible that Mr. Plasse could be this uncertain about where he had so recently "found" such an important document.[2]

---

[2]  Tyco Electronics has repeatedly requested an opportunity to inspect Mr. Plasse's computer to verify Mr. Plasse's claim that this resume was not altered before his deposition.  The plaintiff still has not produced the computer, despite a request pursuant to Fed. R. Civ. P. 34.

3

### B. The Essential Facts Supporting Tyco Electronics' Motion Are Undisputed.

The facts Tyco Electronics relies on in bringing this motion are largely uncontested. First, it is undisputed that at the time of his employment application, Mr. Plasse claimed to hold an MBA <u>in his own handwriting</u>.[3]  <u>Def.'s Mot. to Dismiss</u>, Ex. 1.  Second, it is undisputed that Mr. Plasse does not hold an MBA.  This is clear from his own testimony, see <u>Def.'s Mot. to Dismiss</u>, Ex. 2 at 8-9, 14-15, 253-56, and from his Western New England College transcript, which shows that he only competed three courses, and which is marked "Permitted to register as Graduate Non-Degree."  <u>Def.'s Mot. to Dismiss</u>, Ex. 7.

Third, Mr. Plasse, under oath, repeatedly denied making claims to Tyco Electronics about having an MBA, when those claims are clearly stated in the resume and in his application in Tyco Electronics' files.  Fourth, there is no serious question that the document that Mr. Plasse produced at the second day of his deposition and claimed was the resume and cover letter that he had faxed to Tyco Electronics with his application do not match the corresponding documents in Tyco Electronics' files.  Finally, Mr. Plasse makes no attempt to correct or explain patently incredible deposition testimony about the source of the newly discovered document, and continues to withhold Mr. Plasse's computer from inspection.

Mr. Plasse has offered no evidence to support his contention that his recently discovered resume is authentic, and instead relies on unsupported and vague suggestions that Tyco Electronics' personnel managers somehow are to blame for the appearance in Mr. Plasse's personnel file of claims on his resume and on his signed application that he had earned an MBA degree.  Given Mr. Plasse's continued failure to offer any credible explanation for the recent discovery of a letter and resume found nowhere in his personnel file, and his failure to offer any

---

[3]  Tellingly, Mr. Plasse's memorandum in opposition to Tyco Electronics' motion to dismiss does not even mention this damning and uncontroverted piece of evidence.

4

evidentiary support for, or even a clear articulation of, his suggestion that Tyco Electronics rather than Mr. Plasse is to blame for the resume and application in his personnel file, the only reasonable inference is that Mr. Plasse fabricated Deposition Exhibit 9, see Def.'s Mot. to Dismiss, Ex. 6.[4]

### C. The Plaintiff's Opposition Wrongfully Seeks to Minimize Plaintiff's Discovery Misconduct.

Tyco Electronics' motion to dismiss is based on a well documented and serious pattern of deceit by Mr. Plasse. In his opposition, Mr. Plasse tries to recast Tyco Electronics' motion by stating that, "The entire dispute at issue concerns a document (one version of the plaintiff's resume) which the *plaintiff* produced to the defendant as part of its automatic disclosure … ." Pl.'s Opp. to Mot. to Dismiss at 2. That is completely inaccurate; Tyco Electronics' motion to dismiss has nothing to do with the resume Mr. Plasse produced during automatic disclosure. Instead, the motion concerns: 1) Mr. Plasse's false claim – in both his resume and his employment application – that he had an MBA, 2) the lies he told during his deposition, and 3) the fake resume that Mr. Plasse produced after his first day of deposition testimony. While the fact that Mr. Plasse continues to include his MBA claim on more recent versions of his resume is further evidence that Mr. Plasse misrepresents his educational background to potential employers, this recent resume is not the basis for this motion.

### D. The Plaintiff Tries to Create Controversy Where None Exists.

In his opposition to the motion to dismiss, Mr. Plasse claims that there is uncertainty about which version of his resume he submitted to Tyco Electronics. He tries to support this claim by pointing out that there are multiple versions of Mr. Plasse's file in the documents produced by Tyco Electronics. See Plaintiff's Opp. to Motion to Dismiss at 2-4, Exs. 1-4.

---

[4] Although Tyco Electronics believes that the facts are clear and that no evidentiary hearing is necessary, Tyco Electronics is prepared to present witnesses and evidence if the Court feels such a hearing is appropriate.

Specifically, he points out that there were two copies of his resume and three copies of his cover letter in the packet of documents Tyco Electronics used during his deposition, while there was only one copy of his cover letter and resume in the personnel file attached to Maryann Ayala's Affidavit. Compare Def.'s Mot. to Dismiss Ex. 1 with Ex. 4. This is much ado about nothing.

All of the copies of Mr. Plasse's cover letter and resume which were produced from Tyco Electronics' files are copes of the same cover letter and resume, and they all contain the same false representation about Mr. Plasse's education. The only difference among the resumes produced from Tyco Electronics' files is a handwritten notation in the corner. None of these copies of Mr. Plasse's resume correspond to the resume and cover letter that Mr. Plasse suddenly discovered after his first day of deposition testimony. Compare Def.'s Mot. to Dismiss Exs. 1, 4 with Ex. 6. Moreover, as Ms. Ayala explains in her second Affidavit, see Attachment A, her failure to include these additional copies of Mr. Plasse's resume and cover letter when she copied his personnel file was an oversight. See also Attachment B (copies of omitted pages).

Finally, the plaintiff's opposition claims, with no evidentiary support, that when Mr. Plasse first received a copy of his personnel file, his cover letter and resume were not contained in the file at all. See Pl.'s Opp. to Mot. to Dismiss at 3, 4. When making this allegation, the opposition memorandum cites to pages 266-268 of Mr. Plasse's deposition transcript. See Def.'s Mot. to Dismiss, Ex. 2 at 266-68. This deposition excerpt lends no support to the plaintiff's claim and Tyco Electronics is at a loss to understand what this reference is intended to show.

### E. The Plaintiff's Deceptions Go to the Heart of This Litigation

Mr. Plasse's lies and his fabricated resume have a material effect on Tyco Electronics' ability to defend itself against his claims. Mr. Plasse has brought this suit claiming, in essence, that Tyco Electronics did not have proper grounds to terminate his employment. However, lying

in his application for employment is a proper ground for termination. On the last page of Tyco Electronics' employment application, Mr. Plasse was required to acknowledge that if he falsified any information in the application, such falsifications "may be considered justification for dismissal if discovered at a later date." Def.'s Mot. to Dismiss, Ex. 1. A misrepresentation about qualifications is of particular concern when it is made by an employee who is hired to hold a position of trust and integrity. Mr. Plasse was a controller; the nature of his job required him to be completely honest and forthcoming. His misrepresentation about his background was a serious breach of his duty of truthfulness to the company. Therefore, Mr. Plasse's lie about having an MBA in his application is one of the elements of Tyco Electronics' defenses in this case, and his efforts to cover up that lie constitute a significant attempt at undermining Tyco Electronics' ability to present a full defense in this matter.

### III.    Conclusion

Both the seriousness and the brazenness of Mr. Plasse's lies warrant dismissal for fraud on the court. Mr. Plasse's scheme was deliberately designed to cover up important defense evidence. Contrary to assertions in the plaintiff's opposition memorandum, Tyco Electronics' Motion to Dismiss is not based simply on a single questionable document. It is based on a series of lies that Mr. Plasse told during his deposition and on a false document that he created to try to lend a sheen of credibility to otherwise highly dubious testimony. This conduct should not be condoned, and dismissal is a proper remedy for Mr. Plasse's actions.

Respectfully submitted,

TYCO ELECTRONICS CORPORATION,

By its attorneys:

/s/ Jeffrey D. Clements
_____
Jeffrey D. Clements, BBO #632544
Ingrid S. Martin, BBO #653632
Clements & Clements, LLP
50 Federal Street
Boston, MA 02110
(617) 451-1802

Date:   March 4, 2005

**CERTIFICATE OF SERVICE**

    I, Jeffrey D. Clements, hereby certify that a copy of the foregoing document was served by first class mail to counsel of record for the plaintiff on March 4, 2005.

/s/ Jeffrey D. Clements
_____
Jeffrey D. Clements