




**tyco**
*Printed Circuit Group Inc.*
*Stafford Division*

DECLARATION OF VETERANS

The U.S. Department of Labor requires an annual report from employers regarding veterans. Therefore, you have the opportunity now to declare yourself as a veteran. *(Please note: This information is voluntary, and this form will be kept separate from your personnel file.)*

Name ___James Plasse___

Position _____

Company _____

Division _____

Date of Hire ___9-11-00___

Location _____

I DECLARE MYSELF A:

_____ Special Disabled Veteran

a. A veteran who is entitled to compensation (or who but for the receipt of military retired pay would be entitled to compensation) under the laws administered by the Veterans Administration for a disability (1) rated at 30% or more, or (2) rated at 10% or 20% in the case of a veteran who has been determined under Section 1506 of Title 38, U.S.C., to have a serious employment handicap.

b. A person who was discharged or released from active duty because of a service-connected disability.

_____ Veteran of the Vietnam Era

A person who served more than 180 days of active military, naval, or air service, any part of which was during the period August 5, 1964, through May 7, 1975, and who (1) was discharged or released therefrom with other than a dishonorable discharge, or (2) was discharged or released from active duty because of a service-connected disability.

___✓___ I am neither a Special Disabled Veteran nor a Veteran of the Vietnam Era as defined above.

_____ I am a veteran other than as defined above.

_____ Since this is voluntary, I choose not to declare any status.

Please return this form to your Human Resources Department.

4 Old Monson Road, P.O. Box 145, Stafford, Connecticut 06075, Tel. (860) 684-5881, Fax (860) 684-7425
A *tyco* INTERNATIONAL LTD. COMPANY

## DECLARATION OF MENTAL OR PHYSCIAL HANDICAP

The Rehabilitation Act of 1973 (the "Act") and certain state laws prohibit discrimination on the basis of handicaps. Section 503 of the Act provides that certain Federal Government contractors must act affirmatively toward qualified mentally and physically handicapped people in all employment practices. The purpose of the Act is to refrain from discrimination solely because of a mental or physical handicap or a history of such a handicap.

If you have such a handicap and would and would like to be considered under the Affirmative Action Program, please notify your Human Resources Department. Submission of this information is voluntary and refusal to provide it will not subject you to discharge or disciplinary treatment. Information obtained concerning individuals shall be kept confidential, except that (1) supervisors and managers be informed regarding restrictions on the work or duties of handicapped individuals and regarding necessary accommodation: (2) first-aid and safety personnel may be informed, when and to the extent appropriate, if the condition might require emergency treatment; and (3) government officials investigation compliance with the Act shall be informed.

The declaration of a mental or physical handicap will automatically protect your rights under Section 503, but such disclosure will not act as a barrier to obtaining or continuing employment.

I CERTIFY THAT I HAVE READ AND UNDERSTAND THE ABOVE STATEMENT AND THAT:

I DO         (I DO NOT)    (circle one)

WISH TO DECLARE MYSELF A HANDICAPPED PERSON.

_____
Signature

Name _James Rasse_     Date _9-11-00_
    (please print)

Position _Controller_    Date of Hire _9-11-00_

Company _Tyco_    Location _STAFFORD_

Division _Printed Circuit Group_

Please return to your Human Resources Department.

**tyco**
*Electronics*

Tyco Electronics
Printed Circuit Group
1699 King Street, Suite 440
Enfield, CT 06082

Tele: 860 386-2000
Fax: 860 386-2100

February 25, 2003

James Plasse
19 Hillary Lane
Westfield, MA 01085

Dear Jim,

This letter will serve as official notification that your employment with Tyco Electronics – Printed Circuit Group is being terminated. Effective immediately, you are relieved of all day-to-day duties and responsibilities. You will remain on the payroll through March 11, 2003 at which time your pay will cease. You will be provided four and a half weeks of severance pay based upon your years of service with the organization and conditioned upon signing the standard employee release.

The decision to take this action was based upon recent incidents, which have caused me to lose confidence in your judgment as a manager.

The most significant incident involves the premature communication to your staff that there would not be an across the board increase this year. This information is extremely sensitive and its' disclosure is quite inappropriate considering that we have not received confirmation of our planned approach by our superiors. Additionally, this is not the first time that you have communicated a decision before the official plant wide disclosure was to occur. Also, that same day we had the issue over the inaccuracy of the Stafford capital budgets. Again this was not an isolated incident.

These recent incidents present a pattern, which has caused me, as well as other managers, to lose confidence in your ability to manage effectively in your role at the Stafford facility. It is for this reason that we feel that the employment relationship should be terminated.

You will receive separate communications about continuation of your medical benefits through COBRA after March 11th.

Enclosed you will find the appropriate severance information including the standard employee release agreement, please contact your legal counsel for an appropriate review and return as instructed. Should you care to discuss this matter further please feel free to contact me or Bob Schmelzer at 503-580-5885.

Sincerely,

Stephen Fotos
Global Controller


Cc:   Phil Titterton
      Charlie Post
      Doug Soder
      Bob Schmelzer

attachment

CONFIDENTIAL

## RELEASE AGREEMENT

In consideration of the termination benefits to be provided to me by Tyco Electronics as set forth in the attached letter dated February 25, 2003, I, on behalf of myself and my heirs and assigns, hereby completely release and forever discharge Tyco Electronics Corporation, and its affiliated, subsidiary, and related entities, and its past, present, and future officers, directors, stockholders, agents, employees, attorneys, insurers, successors and assigns (collectively referred to as "Tyco"), from any and all claims of any and every kind, nature, and character, known or unknown, foreseen or unforeseen, based on the termination of my employment with Tyco, or any act or omission occurring before I sign this release, including, but not limited to, any and all claims arising out of my offer of employment, my employment, or termination of my employment. This release of claims includes, but is not limited to, any and all claims arising under any statute relating to employment, including the state anti-discrimination in employment laws, and including any and all age discrimination claims under the Age Discrimination in Employment Act (ADEA). I understand that the only claims that may be exempted from this release of claims are claims expressly exempted by law, such as unemployment insurance claims or certain workers' compensation claims, or exempted by the express terms of a written benefit plan.

This release constitutes the entire agreement between Tyco and me on the matters addressed in this release. No other agreement, statement, or promise as to any matter addressed in this release is binding or valid, nor should any be implied. I am not relying on any agreement, representation, statement, omission, understanding, or course of conduct that is not expressly set forth in this release. I understand and agree that this release should not be deemed or construed at any time, or for any purpose, as an admission of any liability or wrongdoing by Tyco or by me. I also agree that if any provision of this release is deemed invalid, the remaining provisions will still be given full force and effect. This release cannot be orally modified, orally revised, or orally rescinded. The terms and conditions of this release will be interpreted and construed in accordance with the law of the state in which you work.

Before signing this release, I have obtained sufficient information to intelligently exercise my own judgement about whether to sign it. Tyco has advised me in writing to consult an attorney, if I wish, before signing this release. Tyco has also given me at least twenty -one (21) days in which to consider this release, and explained to me that if I decide to sign this release, it should not be dated, signed and returned until after my termination date. I understand that once I sign this release, I shall have seven (7) calendar days from the date of my signature to rescind this release.

I agree that I will do nothing to disparage Tyco, or any of its parents, subsidiaries, or affiliates. I also agree not to solicit or help anyone else solicit any employees or customers of Tyco to cease employment or to cease doing business with Tyco.

I have read this release, and I understand all of its terms. I further acknowledge and agree that I have signed this release voluntarily, and with full knowledge of its significance. I also understand and agree that if any legal action is brought to enforce the provisions of this release, the prevailing party will be entitled to recover costs, expenses, and attorney's fees, as well as any and all other remedies.

**EMPLOYEE'S ACCEPTANCE OF RELEASE**

I HAVE CAREFULLY READ, FULLY UNDERSTAND, AND VOLUNTARILY AGREE TO ALL OF THE TERMS OF THIS RELEASE IN EXCHANGE FOR THE RELEASE BENEFITS TO WHICH I WOULD NOT OTHERWISE BE ENTITLED.

_____          _____
Date

Tyco

## ACKNOWLEDGEMENT FORM

*Please Read Carefully Before Signing*

I acknowledge that I have received a copy of Tyco's *Standards of Conduct*, dated October 2000. I have read carefully and understand the *Standards of Conduct* and I agree to abide by all of these *Standards of Conduct* as a condition of my employment and continued employment at Tyco. I understand that if I have questions at any time concerning Tyco's Standards of Conduct, I will consult with my immediate supervisor, my local human resources representative, the general manager of my unit, or any other member of senior management. If I am more comfortable speaking with someone outside my business unit, I may call Tyco's toll-free *ConcernLine* (800-714-1994)\*, provided for this purpose, which is accessible 7 days a week and 24 hours a day from anywhere in the world. I may also contact Tyco's Corporate Human Resources Department (603-778-9700) or Tyco's Legal Department (212-424-1300).

JAMES PLASSE                    STAFFORD
**Employee's Name** *(Printed)*        **Unit**

*[signature]*
**Employee's Signature**

5/2/01
**Date**

*Sign, date and return this Acknowledgement to your local human resources representative for inclusion in your employee file.*

\*Instructions for accessing the *ConcernLine* from outside the United States are provided at the end of the *Standards of Conduct*.

AMP 849 (5/00)

**tyco** / Electronics

**EMPLOYEE CONFIDENTIALITY AND INVENTION ASSIGNMENT AGREEMENT**

In partial consideration of my employment by Tyco Electronics Corporation or any affiliate or subsidiary of Tyco Electronics Corporation (individually and collectively, "Tyco") and, as part of the performance of the duties of such employment, including my access to confidential information of Tyco, its customers and suppliers, as well as to business opportunities of Tyco, I agree as follows:

1. **Tyco Confidential Information.** "Tyco Confidential Information" is information developed, created, or discovered by Tyco that has value to Tyco's business and is not known to Tyco's competitors or by the general public, or is otherwise proprietary or confidential to Tyco. Tyco Confidential Information may include, but is not limited to, data, know-how, manufacturing methods, formulas, algorithms, computer programs, processes, designs, sketches, photographs, plans, drawings, product concepts, improvements, specifications, samples, reports, laboratory notebooks, vendor names, customer and prospective customer names, distributor names, cost and pricing information, market definitions, business plans, marketing plans, financial plans, customer and prospective customer development information and strategies, business development opportunities, sales methods, inventions, trade secrets, ideas, research and development activities and plans, and employee and/or personnel information, including compensation, skill, and areas of expertise.

2. **Obligation of Confidentiality.** I agree, both during and after my employment with Tyco, to keep Tyco Confidential Information secret. I agree not to disclose, record, or in any way make use of Tyco Confidential Information for so long as such information remains non-public, except as required in the performance of my duties and responsibilities as an employee of Tyco and under conditions that protect the Tyco Confidential Information consistent with the terms of this Agreement. I also agree not to remove or otherwise transmit Tyco Confidential Information from Tyco's premises or possession without the consent of an authorized Tyco representative. Further, I agree to keep secret any third party information, including, but not limited to, information received by Tyco from customers, prospective customers, and suppliers, to which I am given access that is covered by a confidentiality agreement between Tyco and the third party, adhering to the terms of the agreement between Tyco and the third party.

3. **Tyco Property.** All Tyco Confidential Information, as well as all patents, patent rights, copyrights, copyrightable works, trade secret rights, trademark rights, and other rights (including, without limitation, intellectual property rights) anywhere in the world related to Tyco Confidential Information, is, and shall be, the sole and exclusive property of Tyco. I hereby assign to Tyco any and all rights, title, and interest I may have or acquire in such Tyco Confidential Information and related rights. I agree to deliver all Tyco Confidential Information, including all copies or computer records thereof, along with any other Tyco property, to Tyco on or before my last day of employment with Tyco and agree thereafter not to make any written record of such Confidential Information nor to make use of such Confidential Information.

4. **Loyalty.** I agree to conduct myself at all times for the benefit of Tyco, to never knowingly take any action inconsistent with Tyco's best interest, and to refrain from performing any work or services for any third person or concern, including self-employment, with respect to any matter that relates to or conflicts with Tyco business without the prior written consent of an authorized Tyco representative.

5. **Inventions.** I agree that all inventions, including, but not limited to, improvements, and all know-how, processes, techniques, formulas, ideas, circuits, designs, trademarks, trade secrets, and copyrightable works ("Inventions") which result from work performed by me on behalf of Tyco or from access to Tyco Confidential Information or property shall be the property solely of Tyco. I agree, both during and after my employment with Tyco, to disclose promptly and in writing, to the individual designated by Tyco or to my immediate supervisor, all Inventions that I, either solely or jointly with others, make, author, discover, develop, conceive, and/or reduce to practice derived from Tyco Confidential Information. I hereby assign and agree to assign to Tyco or its designee, without further consideration, my entire right and interest in and to all Inventions, including all rights to obtain, register, and enforce patents, copyrights, mask work rights, and other intellectual property protection for Inventions. I agree to execute all documents reasonably necessary to perfect such intellectual property rights and the assignment of those rights to Tyco or its designee. I further agree to assist Tyco (at Tyco's expense), both during the term of my employment and for a period of twelve months thereafter, in obtaining, protecting, and/or enforcing patents, copyrights, or other forms of Inventions.

6. **Patent Applications.** As a Tyco employee, after the filing of any original patent application covering any invention of which I am a named inventor, I am eligible to participate in any applicable Tyco inventor award program.

7. **Excluded Inventions.** Attached is a list of all inventions which have been conceived and/or reduced to practice by me prior to my employment by Tyco and which I desire to exclude from this Agreement. If no list is attached to this Agreement, no inventions exist to be excluded at the time of the signing of this Agreement. For California employees, see reverse for the text of California Labor Code Section 2870.

8. **Former Employer Information.** I represent that my performance of all the terms of this Agreement and as an employee of Tyco does not and will not breach any agreement to keep in confidence any confidential or proprietary information, knowledge, or data acquired by me in confidence or in trust prior to my employment by Tyco. I will not disclose to Tyco, nor induce Tyco to use, any confidential or proprietary information data or material belonging to any previous employers or others.

9. **Non-Solicitation.** I agree, both during my employment and for a period of twelve months thereafter, not to directly or indirectly solicit, recruit, or encourage any employees or consultants to leave the employ of Tyco, nor to directly or indirectly encourage any customers or suppliers to refrain from or stop doing business with Tyco, either on my own behalf or on behalf of any other person or entity.

10. **No Contract of Employment.** I agree that this Agreement is not a contract of employment, and no rights to employment, continued employment, advancement, or reassignment are hereby created. I also understand that my employment with Tyco is at-will, which means that either I or Tyco may terminate the relationship with or without cause at any time without notice for any or no reason, and nothing in this Agreement alters this relationship.

11. **Governing Law.** This Agreement shall be governed by and construed under the laws of the jurisdiction in which I work.

12. **Severable Provisions.** In the event any one or more of the provisions, or portions thereof, contained or referenced in this Agreement shall for any reason be invalid, illegal, or unenforceable, such circumstances shall not affect any other provision hereof and this Agreement shall continue in full force and effect and be construed as if such provision, to the extent that it is invalid, illegal or unenforceable, had never been contained herein.

13. **Reformation of Provisions.** Should any court of competent jurisdiction determine that any provision of this Agreement is unenforceable, the parties agree that the court should modify the provision to the minimum extent necessary to render said provision enforceable.

14. **Attorney's Fees and Remedies.** If there is litigation related to this Agreement, the prevailing party will be entitled to recover attorneys' fees and other costs actually and reasonably incurred. Either party may seek an injunction to restrain any actual or threatened breach of this Agreement by the other.

I acknowledge that Tyco regards the safeguarding of Tyco Confidential Information, the confidential information of third parties that Tyco receives in confidence, and Tyco Inventions to be vital to Tyco's interests. I further acknowledge that Tyco is relying on me to honor this duty to protect such Tyco Confidential Information and Inventions in employing me, and is entrusting me with access to Tyco Confidential Information, the confidential information of third parties, and Tyco business opportunities. Accordingly, by signing this Agreement I express my intent to be legally bound by the terms hereof.

I have not entered into, and I agree I will not enter into, any agreement, either written or oral, in conflict with this Agreement or in conflict with my employment with Tyco.

_JAMES M. MASSE_       _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_
Employee Name (Print)      Employee Number

_[signature]_      _5/7/01_
Employee Signature      Date

_____      _____
Tyco Authorized Agent      Date

## AGREEMENT
## BETWEEN EMPLOYEE AND TYCO PRINTED CIRCUIT GROUP L.P.
## REGARDING CONFIDENTIAL INFORMATION

This agreement requires employees to keep confidential any company-related information they may acquire or become aware of through working at Tyco Printed Circuit Group L.P. (hereinafter referred to as "Company").

Confidential information includes, but is not limited to; trade secrets, processes, formulas, data, procedures, discoveries, developments, designs, improvements, inventions, techniques, marketing plans, strategies, forecasts, new products, unpublished financial statements, budgets, projections, licenses, prices, costs, customer and suppliers' lists, and customer information regarding sales.

Such confidential information has been created, discovered, or developed by, or has otherwise become known to TPCG L.P., or is information in which property rights have been assigned or otherwise conveyed to the Company.

Employees shall not disclose or discuss confidential information with anyone outside the company without written permission from the Company's senior management. Under no circumstances are materials, documents or other information designated as confidential or restricted to be removed from the Company's premises without the prior written express permission of the Company.

A breach of confidentiality may result in disciplinary action, up to and including immediate termination.

---

I have read and understand the Confidential Information Agreement. I further understand that if I have questions/comments regarding this Agreement that it is my responsibility to contact my supervisor/manager or Human Resources department for clarification.

__JAMES PLASSE__  
Employee Name

__[signature]__  
Employee Signature

__2-6-01__  
Date

__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__  
Employee Social Security Number

3/00

**FORM CT-W4** Effective July 1, 1998

State of Connecticut
Department of Revenue Services

**Purpose.** Complete Form CT-W4 so that your employer can withhold the correct amount of Connecticut income tax from your pay. Underwithholding may result in interest charges at the rate of 1% (.01) per month or fraction thereof. If you are newly hired, your employer must, within 20 days, send a copy of this form to the Department of Labor pursuant to Conn. Gen. Stat. §31-254b.

**General Instructions.** Complete the certificate below, sign it, and return it to your employer. Refer to IP 92(9.5), Is My Connecticut Withholding Correct?, to check the amount of your Connecticut income tax withholding. Additional information is provided on back of this form.

**Exemption From Withholding.** Read Line 4 of the certificate below to see if you can claim exempt status. If you are exempt, complete Line 4, but do not complete Lines 2 and 3. Sign the form and return it to your employer. Connecticut income tax will not be withheld from your pay. However, the Department of Revenue Services may review any Form CT-W4 claiming exemption from withholding.

**To Avoid Underwithholding.** You could be underwithheld if any of the following apply.
- you have more than one job;
- you qualify under the Special Rules For Certain Married Individuals, and do not use the supplemental table;
- you have substantial nonwage income;
- you were not employed during the **first** 6 months of 1998; or
- your income increased substantially during the **last** 6 months of 1998.

If you could be underwithheld, you should consider adjusting your withholding or making estimated payments on **Form CT-1040ES**, *Estimated Connecticut Income Tax Payment Coupon for Individuals*. You may also wish to select Filing Status "D" to elect the highest level of withholding.

**Nonresident Employees** who work partly within and partly outside of Connecticut see information on back of this form.

**Filing Status Worksheet**

Check one box for filing status and enter letter on Line 1 below:

- [x] A. You are single; or
  You are married and you are filing separately; or
  You are married filing jointly, both you and your spouse work, and your combined income is $100,500 or less.
  *(Refer to Special Rules For Certain Married Individuals on Page 2.)*
- [ ] B. You will file as a head of household on your federal tax return.
- [ ] C. You are married filing jointly and your spouse is not employed.
- [ ] D. You are married filing jointly, have a working spouse, and your combined income is more than $100,500; or
  You have a significant nonwage income, and wish to avoid having too little tax withheld; or
  You are a nonresident and you have substantial other income.
- [ ] E. You are exempt because you qualify on Line 4 below.

★ ★ ★ **COMPLETE SCHEDULE BELOW - Please Print Clearly** ★ ★ ★

✂ ...... CUT HERE AND GIVE THE CERTIFICATE TO YOUR EMPLOYER. KEEP THE TOP PORTION FOR YOUR RECORDS ......

**FORM CT-W4** — EMPLOYEE'S WITHHOLDING OR EXEMPTION CERTIFICATE — State of Connecticut Department of Revenue Services

1. Filing Status (Enter letter from box checked above) ........................... 1. **A**
2. Additional withholding amount per pay period ................................. 2. ____
3. Reductional withholding amount per pay period ............................... 3. ____
4. I claim exemption from withholding and I certify that I meet the following condition for exemption:
   - This year I expect a refund of **ALL** Connecticut income tax withheld because I expect to have **NO** Connecticut income tax liability.
   - If you meet the above condition, check here to claim exemption from withholding ............ 4. ☐

FIRST NAME: **JAMES**
MI: **M**
LAST NAME: **PIASSE**
YOUR SOCIAL SECURITY NUMBER: **029 54 3984**

HOME ADDRESS: **19 HILLARY LANE**

CITY/TOWN: **WESTFIELD**
STATE: **MA**
ZIP CODE: **01085**

EMPLOYEE'S SIGNATURE: *[signed] James Piasse*
DATE: **09/1/00** (M M D D Y Y)

**Employers Must Complete Items 5 through 14.** Please print clearly.

5. Is this a new or rehired employee? Yes ☐ No ☐   If yes, provide the date of hire: ____ DATE (M M D D Y Y)

6. EMPLOYER'S BUSINESS NAME: ____

7. EMPLOYER'S BUSINESS ADDRESS: ____

8. CITY/TOWN: ____

9. Connecticut Tax Registration Number: ____

10. Federal Employer Identification Number: ____

11. STATE: ____   12. ZIP CODE: ____

13. CONTACT PERSON: ____

14. TELEPHONE NUMBER: ____

**Employer Instructions On Reverse**

(Rev. 7/98)

Tuesday @ 6:10pm to Michelle

✓ CIGNA-Springfield, MA
MA803,
no medical plan

NAME __Plasse__ __James__ __Matthew__ DATE __8-4-00__
       (Last)   (First)   (Middle)

ADDRESS __19 Hillary Lane__

CITY __West Field__ STATE __MA__ ZIP CODE __01085__

SOCIAL SECURITY NUMBER __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__ TELEPHONE NUMBER __413-562-8708__

POSITION DESIRED __Controller__ LOCATION DESIRED: CITY/STATE __Stafford, CT__

**tyco** Printed Circuit Group    A TYCO INTERNATIONAL LTD. COMPANY

THIS COMPANY IS AN EQUAL OPPORTUNITY EMPLOYER AND DOES NOT DISCRIMINATE BECAUSE OF RACE, RELIGION, COLOR, AGE, SEX, NATIONAL ORIGIN, PHYSICAL OR MENTAL DISABILITY, VIETNAM ERA OR DISABLED VETERAN STATUS, SEXUAL ORIENTATION, OR ANY OTHER LEGALLY PROTECTED STATUS.

1. Read all questions carefully. Please print your answers.
2. If you require any special reasonable accommodation in completing this Application, interviewing, completing any pre-employment testing, or otherwise participating in the employee selection process, please advise us.
3. You will be required to successfully pass a drug screening test as a condition of employment.
4. You may be required to complete a confidentiality agreement, patent assignment, and such other forms as may be required by the Company.
5. The Company may request a consumer report or an investigative consumer report as part of the application process. If so requested, you must complete the "Certification of Receipt of Disclosure" and the "Authorization to Obtain a Consumer Report", which will be provided to you with this application, in order to be considered for employment.

**GENERAL INFORMATION**

1. Are you over 18 years of age? .................................................................................................... ☑ Yes ☐ No
   (If not, your employment is subject to verification that you are of at least legal age and that you are able to supply any required work permit.)
2. Are you willing to work any shift? ................................................................................................ ☑ Yes ☐ No
3. Are you willing to work overtime and holidays? ........................................................................... ☐ Yes ☐ No
4. Have you previously worked for Tyco Printed Circuit Group or any other Division of Tyco International Ltd? ........... ☐ Yes ☑ No
   If yes, when and where? _____
5. Have you been convicted of a felony within the last five years? ................................................ ☐ Yes ☑ No
   If yes, explain the date of the crime, nature of the offense, and the penalty imposed. _____
   (A "yes" answer will not automatically disqualify you from being considered as a candidate for employment.)
6. If you are applying for a position that involves driving a motor vehicle, indicate whether you have been convicted of any crime (felony or misdemeanor) stemming from an arrest for driving under the influence of alcohol or illegal drugs. (A "yes" answer will not automatically disqualify you from being considered as a candidate for employment.) ....... ☐ Yes ☑ No
7. Have you ever been granted a government Security Clearance? ............................................... ☐ Yes ☑ No
   If yes, specify when, where, and by whom. _____

## EDUCATION
(List below all schools attended, including Business, Vocational, Night, Military, College, etc.)

| Type of School | Name and Address of School | Major Course of Study | Dates Attended From (mo/yr) To (mo/yr) | Certificate/Diploma/Degree |
|---|---|---|---|---|
| High School | SPRINGFIELD TECHNICAL H.S. | College Prep | ▇▇▇ - ▇▇▇ | High School Diploma |
| College | WESTFIELD STATE College | Accounting | 9-84 – 5-86 | Bachelors |
|  | Holyoke Community College | Associate/Business | 9-82 – 5-84 | Associates |
| Graduate | Western New England College | Business | 9-92 – 5-00 | MBA |
| Military, Technical, or Other |  |  |  |  |

## EMPLOYMENT HISTORY
(Cover entire time period of your career. Any volunteer work may be included. List your most recent employer first. Attach additional sheet if necessary.)

**1**
Name of Present or Last Employer **TUBED PRODUCTS, INC**
Address **44 O'Neill STREET**
City/State/ZIP **EASTHAMPTON, MA 01027**
Phone No. **413-529-1333**
Name/Title of
Immediate Supervisor **CRAIG BERGER  V.P. Finance**
Date employed From (mo/yr) **10-96** To (mo/yr) **PRESENT**

Title and Duties **Financial Analysis of Capital Projects, Customer Pricing, Financial Reporting, Monthly Results, Finance Department Policy & Procedures w/Sales, Cost Reviews, Forecasting, Deduction & Dispute Review, Financial Charts**
Starting Salary **58,000**    Last Salary **70,000**
Reason for Leaving _____

**2**
Name of Present or Last Employer **SPALDING Sports W.W.**
Address **420 Meadow Street**
City/State/ZIP **Chicopee, MA 01021**
Phone No. **413-536-1200**
Name/Title of
Immediate Supervisor **Bill Breeden - Controller**
Date employed From (mo/yr) **6-92** To (mo/yr) **10-96**

Title and Duties **Monthly Closings, Sales and Marketing Forecast, Planning, Variance Analysis of Operations, Coordinate Audits, Prepared Budgets, Financial Statement Preparation, Cost Reviews - Setting of Standard Costs**
Starting Salary **42,000**    Last Salary **50,000**
Reason for Leaving **New Opportunity**

**3**
Name of Present or Last Employer _Ampad Corporation_    Title and Duties _Cost Accounting, Budgets, Forecasting,_
Address _Appleton Street_                                  _For Six Plants. Streamlined three Cost Accountants_
City/State/ZIP _Holyoke MA 01040_                          _Monthly Closing Process. Financial Statements, R&D_
Phone No. _____                                   _Inventory Control and Valuation Audit of R&D_
Name /Title of _____                              Starting Salary _32,000_    Last Salary _38,000_
Immediate Supervisor _Fred Adler_                          Reason for Leaving _New opportunity_
Date employed From (mo/yr) _6-88_    To (mo/yr) _6-92_

**4**
Name of Present or Last Employer _Sealed Air Corporation_    Title and Duties _All Plant Accounting Responsibilities,_
Address _Lower Homestead Ave_                                _Supervised Payroll, A/P, A/R – Production Budgets, Capex_
City/State/ZIP _Holyoke MA 01040_                            _Budgets, Monthly Closing Process. Prepared P&L Statements,_
Phone No. _____                                     _Monthly Forecasting Audit of Six Manufacturing Inventories_
Name /Title of _____                                Starting Salary _22,000_    Last Salary _28,000_
Immediate Supervisor _Alan Stormer_                          Reason for Leaving _New opportunity_
Date employed From (mo/yr) _5-86_    To (mo/yr) _6-88_

**5**
Name of Present or Last Employer _____    Title and Duties _____
Address _____
City/State/ZIP _____
Phone No. _____
Name /Title of _____                       Starting Salary _____    Last Salary _____
Immediate Supervisor _____                 Reason for Leaving _____
Date employed From (mo/yr) _____ To (mo/yr) _____

**ADDITIONAL INQUIRIES REGARDING YOUR EMPLOYMENT HISTORY**
1. May we contact your present employer? ☐ Yes ☑ No
2. Have you ever been dismissed, forced to resign, or suspended from any employment? ☐ Yes ☑ No
   If yes, please explain _____
3. Is your ability to work for the Company affected in any way by an employment agreement or restriction (like a "non-compete") by a current or previous employer? ☐ Yes ☑ No
   If yes, please explain
4. Please list all job-related licenses you currently possess and their expiration dates: _____

**REFERENCES (Do not list relatives.)**

1. Name _____ Address _____
   Tel. (___) _____

2. Name _____ Address _____
   Tel. (___) _____

3. Name _____ Address _____
   Tel. (___) _____

**APPLICANT'S STATEMENT – PLEASE READ CAREFULLY BEFORE SIGNING.**

I hereby affirm that the information provided on this Application and accompanying resume (if any) is true and complete to the best of my knowledge. I also agree that any falsified information or omissions may disqualify me from further consideration for employment and may be considered justification for dismissal if discovered at a later date. I agree that this Company shall not be liable in any respect if my employment is terminated because of false statements, answers, or omissions. I authorize the Company to investigate all statements in this Application and accompanying resume (if any) and to secure any necessary information from all my employers, references, and educational institutions. I hereby release all of those employers, references, educational institutions and the Company from any and all liability arising from their giving or receiving information about my employment history, my academic credentials or qualifications, and/or my suitability for employment with the Company.

I agree that if any of the information provided in this application and accompanying resume (if any) changes within 30 days from the submission date, I will notify the Company in writing immediately of such change.

I agree to submit to any drug and/or alcohol screening test that may be required as a condition of employment or continued employment. I understand that refusal to submit to such testing, or a positive test result, during the course of my employment may result in disciplinary action, up to and including discharge. I understand that my refusal to submit to such test during the application process will result in the withdrawal of a job offer.

In the event of my employment with the Company, I understand that my employment is at-will. This means that either the Company or employee may terminate the employment relationship at any time, for any reason, with or without cause or notice. Nothing contained in this application, or in any other written or verbal communication, is intended to create a contract of employment for any specified period of time, or to create a warranty or guarantee of benefits. The Company's policy is described for informational purposes only, and may be modified or eliminated by the Company at its sole discretion, to the extent allowed by law, except that the Company will not modify its policy of employment at-will unless agreed to, in writing, by the appropriate Company officials, or as required by local law. This policy will also change if and as required by local law.

I understand that, according to federal law, all individuals who are hired must produce, as a condition of employment, certain documentation to verify their identity and United States citizen status or, if aliens, their legal authorization to work in the United States. As a consequence, I understand that any offer of employment is contingent on my ability to produce the required documentation within the time period required by law.

I understand that, dependent upon the nature of the position, I may be subject to a physical examination after receiving a conditional offer of employment from this Company.

Signature of Applicant _____  Date 8-4-00

This Employment Application will be considered valid for 30 days from the date of your application. If you wish to be considered for employment after 30 days, please submit a new application.



FRAN AHERN
GULFSTREAM AEROSPACE
562-5866
592-3309



# EMPLOYEE STOCK PURCHASE PLAN
# ENROLLMENT & CHANGE FORM

Please complete all applicable sections of the enrollment form and return it to your Human Resources Representative. The Terms and Conditions are printed on the reverse side.

Reason for application: [X] New enrollment (Complete sections 1-4)  [ ] Changing an election (Complete sections 1, 4, and 5)

## 1. Employee Information (Please print or type)

Employee Name: **JAMES PLASSE**     Social Security No: **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**

Home Address: **19 HILLARY LANE**     Country of Citizenship: **UNITED STATES**

City, State, Zip Code: **WESTFIELD MA 01085**     Tel. No: **(413) 562-8708**

Company: **TYCO ELECTRONICS**     Location: **STAFFORD, CT**

## 2. Authorizations     Deduction Amount: $ **185.00** per pay period

I authorize the Company to deduct from my paycheck the above amount every pay period to buy shares of the Company's stock through this Plan. I understand that these deductions will begin as soon as possible, and will continue until I instruct the Company in writing to change the amount or stop making these deductions. By signing the form, I am certifying that I am at least 18 years old and of legal age in the state of my residence.

I also authorize Merrill Lynch to disclose my name, address and the number of any securities I have in my Plan account to the issuers of those securities, under a U.S. Securities and Exchange rule that permits companies to communicate directly with the beneficial owners of their securities who do not object to this disclosure. [X] Yes or [ ] No

## 3. Joint Owner Information

For information about adding a joint owner, please call Merrill Lynch at 1-800-621-3777.

## 4. Substitute IRS W-9 Form — Complete this section if you are a U.S. resident or citizen subject to U.S. income taxes.

Under penalties of perjury, I hereby certify (a) that the number set forth in Section 1 is my correct Social Security Number and (b) that I am not subject to backup withholding, either because I have not been informed by the Internal Revenue Service ("IRS") that I am subject to backup withholding as a result of failure to report all my interest or dividends, or because the IRS has notified me that I am no longer subject to backup withholding.

By signing below, I also confirm that (1) I have received, read and agree to the Terms and Conditions of a Plan account (see reverse side); (2) in accordance with paragraph 5 of the Terms and Conditions, I agree to arbitrate any controversies which may arise with Merrill Lynch and (3) I agree with the provisions of the Plan as detailed in the Plan document.

Employee's Signature: *James Plasse*     Date: **4-11-00**

## 5. Changing Deduction Amount     [ ] Increase  [ ] Decrease  [ ] Suspend

My deduction from $ _____ per pay period to $ _____

## 6. Office Use Only — HR Approval [ ] Employee is eligible to participate, form is complete and distributed.

HR Representative's Name: _____     Tel. No: **(860) 621-5821 x205**

Signature: _____     Location: _____

Administered By:    Merrill Lynch Group Employee Services    Toll Free: 1-800-621-3777
P.O. Box 30450, New Brunswick, NJ 08989-0450

ORIGINAL - MERRILL LYNCH  GREEN - PAYROLL  PINK - HUMAN RESOURCES  YELLOW - EMPLOYEE

E0300 9/98

A06717



OFFICE OF JURY COMMISSIONER FOR THE COMMONWEALTH
560 Harrison Avenue, Suite 600, Boston, Massachusetts 02118-2447

# SUMMONS for JUROR SERVICE

You are hereby summonsed to serve as a **TRIAL JUROR** commencing on:

**MONDAY, FEBRUARY 10, 2003 AT 8:00 AM**
**HAMPDEN COUNTY HALL OF JUSTICE, 4TH FLOOR**
**50 STATE STREET, SPRINGFIELD MA 01103**

- You may postpone your juror service, if necessary, (See page 4, "Postpone.")
- **You will be mailed a reminder notice about ten days before your scheduled date. It will contain a map and directions to the courthouse. Therefore, please notify us of any address change.**
- A knowing failure to obey this summons without a justifiable excuse is a crime which, upon conviction, is punishable by a fine of not more than $2000.
- Please keep this card and refer to your ID number whenever contacting us.

```
JUROR ID# = 03-006194-07-83
JAMES M PLASSE
19 HILLARY LN
WESTFIELD MA 01085-9404
```

If a courthouse is wheelchair-accessible, you will find the wheelchair symbol to the right of the courthouse name wherever it appears. Where no symbol is shown, that courthouse is not wheelchair-accessible. 

**VERY IMPORTANT: You must Complete, Detach, and Mail the Juror Confirmation Form (Page 3 below) Within 10 Days of Receipt.**    PAGE 1

## Please Follow These Instructions:

Review pages 4 & 5 "Juror Instructions and Information" pamphlet, then complete, detach, and mail the Juror Confirmation Form.

**SECTION A:** I have read page 5, "Reasons For Disqualification," and find I am **QUALIFIED** to serve as a juror. Place an **X** in the blue box to the right of SECTION A.

**SECTION B and C:** I have read page 5, "Reasons For Disqualification," and find I am **NOT QUALIFIED** to serve as a juror. Place an **X** in the box under the appropriate reason number in SECTION B, then provide details in SECTION C. If you claim reason 9 or 10, you must send a doctor's letter along with the Juror Confirmation Form in an envelope.

**SECTION D – OPTIONAL COURTS FOR HARDSHIP TRANSFER:** If you have a **HARDSHIP** in appearing at the courthouse to which you have been summonsed (see page 1 "Summons"), you may request a change of court location. Place an **X** in the box **TO THE LEFT** of the desired optional court named in SECTION D. Provide a **detailed** explanation of your hardship on the two lines beneath the listed optional courts. If the name of your preferred court does not appear, it is either fully scheduled or is not a court which uses jurors. See page 4, "Hardship Transfer." **PLEASE NOTE: INCONVENIENCE IS NOT A HARDSHIP.**

**SECTION E:** If you wish to **POSTPONE** your date of juror service, read page 4 "Postpone" and complete SECTION E. Note: You may request to postpone to any business day within 12 months of your original date.

**SECTION F:** If you are **HEARING IMPAIRED** and know you will need an FM assistive listening device, place an **X** in the box in SECTION F.

**SECTION G:** Please complete this section whether you will serve or not. Although **optional**, this demographic information will assist the Office of Jury Commissioner in assuring the jury pool reflects the diversity of all our citizens. Place an **X** in any appropriate box next to the designation(s) that applies to you.

**SECTION H:** Please date, sign, detach, and mail the Juror Confirmation Form ➧

PAGE 2

**You have been called for jury duty under the One Day /One Trial system.**

**Roughly 97% of all jurors complete their service within 3 days - many in one day.**

Included in this package are a **TRIAL JUROR'S HANDBOOK and "JUROR INSTRUCTIONS AND INFORMATION" pamphlet** which contain answers to the most frequently-asked questions. Please read them both. To learn more you may visit our website at: **www.massjury.com.** A few commonly-asked questions are:

Q. I'm busy. Why should I serve?

A. None of us is untouched by or unaware of the issues being dealt with by our local courts every day—abuse of children, drug dealing, drunk driving, etc.—all serious issues that affect our neighborhoods and our families. We must all participate in the process created to resolve these issues.

Q. I speak English as a second language. Will I understand what's going on in court?

A. You don't need to speak perfect English. The court uses common, everyday English that everyone can understand. The work done by the courts affects all people and all communities, so people from all communities should be represented.
No one person has to know everything. Jurors deciding the outcome of a trial work as a group with each member making his or her contribution.

Q. I have children. How can I go?

A. The fact that you care about your children and the society they are growing up in makes it all the more important for you to serve. Your willingness to be involved gives you a direct impact on issues affecting your community.
Remember, you may reschedule your jury service to any time within 12 months when child care is more easily available. If you're concerned about the length of trials, the court will consider your hardship before you're picked to sit on a jury.

Q. Why wasn't I assigned to a closer court?

A. Jurors are randomly summonsed and randomly assigned in order to get a broad cross-section of all residents of the entire county at each court each day. Both the Massachusetts and Federal Constitutions guarantee the right of each and every individual to have his or her dispute resolved by a diverse jury. Local people may know the parties involved in a case, or they may have read about it in their local newspapers and formed an opinion. Your cooperation in reporting to your assigned court helps to insure fair and unbiased trials. However, if you have a hardship you may transfer to another court (see Section D of the **JUROR CONFIRMATION FORM** on the other side of this card).

**JURY SERVICE. . .It's For You**
**Your Courts -- Your Community -- Your Responsibility**

**It's Your Jury System . . . Participate and Support It**
**Visit our website at : www.massjury.com**

UC-280 (Rev. 3/11/02)

**NOTICE OF POTENTIAL LIABILITY**
MERIT RATING UNIT
CONNECTICUT DEPARTMENT OF LABOR
WETHERSFIELD, CT 06109-1114
TEL: (860) 263-6705   FAX: (860)-263-6723
www.ctdol.state.ct.us

| 1. DATE MAILED | | |
|---|---|---|
| 06/20/2002 | | |
| 3. CLIENT'S SOCIAL SECURITY NUMBER | | |
| 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 | | |
| 4. JOB CENTER | 5. WEEK ENDING DATE | |
| 15-0 | 06/15/2002 | |

2. **PROTEST PERIOD EXPIRES**

07/11/2002

6. CLIENT'S NAME AND ADDRESS

PLASSE, JAMES M
19 HILLARY LN
WESTFIELD     MA 01085

7. EMPLOYER'S NAME AND ADDRESS

TYCO PRINTED CIRCUIT GROUP LP
11 TYCO DRIVE
STAFFORD SPRINGS CT 06076-0000

8. EMPLOYER'S REGISTRATION NO.

94-027-81

UNEMPLOYMENT COMPENSATION PAYABLE

| 9. BENEFIT YEAR | | 10. SUB DATE | 11. WEEKLY BENEFIT AMOUNT | 12. WEEKLY BENEFIT RATE | MAXIMUM WEEKS | 13. MAXIMUM ENTITLEMENT |
|---|---|---|---|---|---|---|
| EFFECTIVE DATE | ENDING DATE | | | | | |
| 06/09/2002 | 06/07/2003 | 05/31/2002 | $406 | | 26 | $10,556 |

| 14. BASE PERIOD WAGES PAID IN YOUR EMPLOY | QUARTER  YEAR  1     2001  $20,281.59 | QUARTER  YEAR  2    2001  $17,384.22 | QUARTER  YEAR  3    2001  $20,281.59 | QUARTER  YEAR  4    2001  $36,473.22 |
|---|---|---|---|---|
| 15. TOTAL WAGES PAID BY YOU | 16. YOUR WEEKLY CHARGE | 17. YOUR MAXIMUM POTENTIAL CHARGE | | |
| $94,420.62 | $406 | $10,556.00 | | |

37

THIS ENTIRE SIDE MUST BE SENT WHEN RESPONDING BY FAX.     **DO NOT RETURN BY MAIL IF PROTEST IS FAXED.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UC-280 (Rev. 3/11/02)

IF PROTESTING CHARGES:
* Read the information on the back of this form.
* Complete the section below by checking the appropriate box and filling in the appropriate information.
* Separate this form at the perforated line and return this portion to the above address. Keep the top portion for your records.

OUR REASON FOR PROTESTING IS THAT THE EMPLOYEE NAMED ABOVE:

A. [ ] voluntarily quit on ___/___/___

B. [ ] was discharged on ___/___/___ for:
   _ Wilful misconduct
   _ Felony

C. [ ] refused bonafide offer of rehire on ___/___/___

D. [ ] client still employed part-time to the same extent as in the base period.

E. [ ] received disqualifying income
   Type: ___ Vacation
         ___ Severance
         ___ Wages in Lieu of Notice
   Amount: _____ for the period from _____ to _____

F. [ ] is an Educational Institution employee with reasonable assurance of rehire for the next term.

G. [ ] never worked for me.

EMPLOYER COMMENTS: _____

I certify that the information contained herein is true and correct:

SIGNATURE: _____ TITLE: _____ DATE: _____ TELEPHONE: _____