UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JAMES M. PLASSE )
      Plaintiff )
)
vs. )    **Civil Action No. 04-CV-30056-MAP**
)
TYCO ELECTRONICS )
CORPORATION, )
      Defendant )

## PLAINTIFF'S PARTIAL OPPOSITION TO
## DEFENDANT'S MOTION TO COMPEL

Now comes the plaintiff, James Plasse, and partially opposes the defendant's Motion To Compel and as grounds therefor states:

1. Defendant has moved to both compel the plaintiff's re-deposition and to produce certain computer material and a document for inspection. Plaintiff has already agreed that he will, in accordance with Judge Ponsor's ruling, produce the computer and document at issue for inspection and testing. The only dispute is whether there will be separate experts hired by the parties or a court appointed expert. Nonetheless, the defendant has made a massive submission of over 450 pages of material re-arguing the need to produce the computer and the document, even though plaintiff had already agreed to produce them.

2. The only issues which need to be resolved are the circumstances of production and whether there should be a court appointed expert or separate experts hired by the parties.

3. Plaintiff does not object to the basic methodology proposed by the defendant's expert

1

which he understands to be making a copy of the hard drive, searching for only relevant material and then first disclosing to the plaintiff what he proposes to reveal to the defendants. Nor does plaintiff object to production of the disputed fax, so long as the method used does not substantially damage or destroy the document.

4. Plaintiff does object to turning over his personal computer (also used by his wife) to the defendant's expert as opposed to a neutral one. This would provide access to a large amount of personal and business information which has nothing to do with this case and would not otherwise be discoverable information. Plaintiff cannot protect the security of that information from an expert working for the opposition.

5. In addition to the issue of security and personal information, the disparity of resources favors a neutral expert. Defendant's retention of an expert would make it necessary for plaintiff to retain its own expert to monitor the defendant expert's process and to challenge any potential misinterpretation of data by defendant's expert. Defendant expert's affidavit itself makes clear in paragraphs 5 and 11 that proper methods are necessary to preserve data, that even completely innocuous actions can become the subject of disputes as a result of someone looking for information or innocently browsing (see Def. Exh. O, paragraph 5, lines 12-20). Indeed, Mr. Garza's affidavit supports a need to determine beforehand whether such an investigation is even worthwhile, as he states that "seemingly innocuous browsing of the files on a computer does in fact make changes that make accurate interpretation of the data, like file access and creation dates difficult or impossible." (Def. Exh. O, paragraph 5, lines 18-20). Plaintiff would, therefore, need an expert to monitor Mr. Garza's actions. This would impose an expense

on the plaintiff that is unwarranted and unfair given that he is an individual and the defendant is a large corporation. Defendants have already turned this one issue into a mini trial in itself and are seeking a whole new round of discovery. A single expert appointed by the court would be fair and economical. Expenses should be apportioned in accordance with the experts findings as to whether the document was falsified.

6. The request for additional discovery is duplicative and unnecessary. Defendant has already submitted a Second Request For Production of Documents and those requests were directed at this very issue.[1] This is the maximum allowed (*Loc. R. 26.1(C)*). Discovery in this case closed months ago, well after this issue arose. Although the wording of these requests do not actually request the computer Mr. Plasse owned in 2004, plaintiff assumed that this is what is intended and will produce the computer he owned in November and December of 2004, which he still has and uses. That computer, as plaintiff testified, was purchased after his employment with Tyco (Def. Exh. P, p. 11). Plaintiff will provide an affidavit as to his date of ownership of his current laptop if the court desires.

7. An additional deposition is also burdensome and unnecessary. Plaintiff has already been deposed for two days, including extensive questioning about the very topic at issue - some of which defendant includes in his motion. There is simply no need to repeat the deposition and none is shown.

8. For some reason that is not apparent, defendant repeats all of the allegations made in their

---

[1] Plaintiff did respond to this request despite the false implication in defendant's brief that he did not.

motion to dismiss which has already been ruled on. Plaintiff addressed these in his opposition to the motion and should not have to repeat them here, but some points must be addressed since they present unfair and unsubstantiated allegations against the plaintiff. On page 6 of their brief, defendant asserts (without a direct quote) that Mr. Plasse "testified that all resumes he ever prepared simply said he was a "candidate for an MBA". This accusation is repeated on page six with the assertion that Mr. Plasse "denied preparing the resume produced with his Initial Disclosures." At page 11 of the deposition, Mr. Plasse testified that the resume produced by him in automatic disclosure (which claimed an MBA) came from him and was given to his attorney (Def. Exh. P, p. 11). He said he might have produced it while at Tyco (Def. Exh. P, p. 15).

9. The claim that Mr. Plasse later fabricated the accurate resume that was faxed to Leslie Locke of Tyco is little more than speculation. Defendant deceptively selects testimony out of context to assert that Mr. Plasse "implausibly" claimed to have found the fax in a briefcase. Why there would be something implausible about a document being in a briefcase is not explained, but the assertion that Mr. Plasse is lying about this is flat wrong. Defendant claims that Mr. Plasse "initially claimed" to have found the fax in his brief case. This is not true. At page 243 of his deposition, when first asked, Mr. Plasse said he found the document in his desk (Def. Exh. P, p. 243). He also stated that the document was in an old briefcase (Def. Exh. P, p. 351). On this basis Defendant accuses the plaintiff of lying (Def. brief pp. 7-8), quoting testimony at pp. 350-351 and 354-355. What defendant leaves out of his brief is Mr. Plasse's explanation at p. 353-354, that he believed the document had been both in a briefcase in his office and in his desk after he

4

moved it (Def. Exh. P, p. 353-354). One would think that in making an allegation of lying under oath, defendant would not selectively crop the quotes.

10. For these reasons the motion for additional discovery should be denied and the court should appoint experts under Fed. R. Evid. 706 to examine the computer and the fax document.

THE PLAINTIFF, JAMES PLASSE
BY HIS ATTORNEY

*/s/ Maurice M. Cahillane*
Maurice M. Cahillane, Esq., BBO# 069660
EGAN, FLANAGAN AND COHEN, P.C.
67 Market Street - Post Office Box 9035
Springfield, MA 01102
(413) 737-0260; Fax: (413) 737-0121

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served this 22nd day of June, 2005, on all parties, by facsimile and first class mail, postage prepaid, to:

Jeffrey D. Clements, Esq.
Clements & Clements, LLP
50 Federal Street
Boston, MA 02110

*/s/ Maurice M. Cahillane*
Maurice M. Cahillane

11094-030300\93315.wpd