UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. PLASSE<br><br>                Plaintiff,<br><br>vs.<br><br>TYCO ELECTRONICS CORPORATION,<br><br>                Defendant. | Civil Action No. 04-CV-30056-MAP |

**DEFENDANT TYCO ELECTRONICS CORPORATION'S**
**REPLY TO PLAINTIFF'S PARTIAL OPPOSITION TO MOTION TO COMPEL**

Defendant Tyco Electronics Corporation ("TEC") has moved to compel plaintiff: (1) to submit to deposition to identify the computer(s) (and other media storage devices) used by him at certain relevant times; (2) to produce those computer(s) (and media storage devices) in his possession for inspection by TEC's computer expert; and (3) to produce certain original documents in his possession for inspection by TEC's ink dating expert.

Plaintiff has opposed TEC's motion in part, as follows: (1) plaintiff opposes TEC's motion to compel him to submit to a deposition; (2) plaintiff consents to produce for inspection "the computer he owned in November and December 2004," but opposes TEC's request for production/inspection of additional computers and related media storage devices, and he proposes that the inspection be conducted by a court appointed expert, not by an expert retained by TEC; and (3) plaintiff consents to have the original document inspected by TEC's ink dating expert.

### A. Plaintiff's Offer to Allow Inspection of "the Computer He Owned in November and December 2004" is Inadequate

Plaintiff's offer to produce and permit an inspection of "the computer he owned in November and December 2004" is inadequate and would preclude TEC from obtaining discovery of highly relevant evidence. TEC's moving brief sets forth at length the justification for each of its specific Requests. *See Defs. Brief, p. 12-15*. TEC has demonstrated that relevant evidence may exist on computers and storage devices well beyond "the computer [plaintiff] owned in November and December 2004."

For example, TEC is seeking production of computers plaintiff used, owned or had access to in July 2000, which is the date plaintiff claims he prepared the disputed cover letter and resume. *See Exhibit L, Request 9*. Plaintiff's offer completely ignores this obviously highly relevant Request. TEC is also seeking production of all computers plaintiff used in connection with his post-TEC job search activities (which precedes the November-December 2004 period), to discover if he continued his misrepresentation about having an MBA. *See Exhibit L, Request 10*. Again, plaintiff simply ignores this Request. These are just two examples of why plaintiff's meager offer to produce "the computer he owned in November and December 2004" is grossly inadequate. TEC respectfully refers the Court to its moving brief for a detailed discussion of the basis for each Request.

### B. Plaintiff's Deposition is Necessary to Assist the Computer Production and Inspection Process

Plaintiff suggests that he was already deposed at length regarding the identification and location of the relevant computers and media storage devices that are the subject of this motion. This is not true. Since plaintiff's deposition in November 2004, plaintiff has stonewalled TEC's attempts to obtain the electronic evidence at issue, ultimately leading to this motion. TEC has

made requests for production of certain categories of documents, *see Exhibit L,* but TEC does not know what computers plaintiff owned or had access to at the time these documents were created. Without plaintiff's sworn testimony on this issue, neither TEC nor the Court can have any way of knowing exactly what computers and media storage devices need to be submitted to the expert for inspection. An orderly and complete production and inspection must commence with plaintiff's sworn testimony about the universe and present location of the computers and storage devices that may contain relevant evidence.

TEC does not anticipate that such a deposition would last more than 60-90 minutes. Accordingly, we request that plaintiff be compelled to appear for deposition for this limited issue.

C.     **A Court Appointed Expert is Not Appropriate**

Plaintiff argues that a court appointed expert is required in order to ensure that personal information on his computer is not disclosed to TEC. TEC has no interest in such information, and the confidentiality of such information can be assured in much simpler fashion than a court appointed expert. As plaintiff concedes, TEC's proposed protocol provides for a disclosure to plaintiff by TEC's expert of any information gathered before a disclosure is made to TEC. That will give plaintiff an opportunity to obtain the Court's intervention before a disclosure is made to TEC if plaintiff desires.

Plaintiff also argues that a neutral expert is needed because of the disparity in the parties' resources, and that he will be forced to retain his own expert if TEC hires its own expert. This is no basis to require a court appointed expert. Plaintiff commenced this action and his lesser resources is no basis to restrict TEC's right to defend itself vigorously. Moreover, plaintiff has

submitted no proof that he cannot afford an expert of his own. Rather, it is clear that he simply does not want to retain one, not that he cannot afford to do so.

There is simply no reason to depart from the normal practice of permitting each party to retain their own experts in this matter, and therefore plaintiff's request for a court appointed expert should be denied.

        Respectfully submitted,

        TYCO ELECTRONICS CORPORATION,

        By its attorneys:

        /s/ Jeffrey D. Clements

        _____
        Jeffrey D. Clements, BBO #632544
        Clements & Clements LLP
        50 Federal Street
        Boston, MA 02110
        (617) 451-1802

        Mark Diana, *pro hac vice*
        Lynelle J. Slivinski, *pro hac vice*
        Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
        10 Madison Avenue, Suite 402
        Morristown, NJ 07960
        (973) 656-1600

## CERTIFICATE OF SERVICE

I, Jeffrey D. Clements, hereby certify that a copy of the foregoing document was served electronically to counsel of record for the plaintiff on June 27, 2005.

        /s/ Jeffrey D. Clements
        _____