UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. PLASSE<br><br>     Plaintiff,<br><br>vs.<br><br>TYCO ELECTRONICS CORPORATION,<br><br>     Defendant. | Civil Action No. 04-CV-30056-MAP |

## DEFENDANT'S RENEWED MOTION TO
## DISMISS PLAINTIFF'S COMPLAINT AND FOR SANCTIONS

Tyco Electronics Corporation ("TEC") hereby moves to dismiss Plaintiff's Complaint and to impose appropriate sanctions on the Plaintiff James Plasse ("Plasse") for his concealment and destruction of relevant evidence, as well as for related misconduct that was the subject of TEC's motion to dismiss for fraud on the court. These efforts sought to cover up his false representation that he held an MBA when he applied for his former position at TEC, and his false testimony in this case about his employment application. After the Court considered TEC's previous motion and heard argument, the Court denied the motion without prejudice, and granted TEC the right to obtain further discovery concerning the issue, and specifically concerning Plasse's computers and disks. TEC now renews its motion to dismiss, and seeks to recover costs and attorneys' fees incurred in connection with the fraud on the court. In support of this motion, TEC submits the accompanying Memorandum and Exhibits.

As described in the Memorandum and Exhibits, the recently concluded forensic examination of Plasse's computer and disks by TEC's expert reveals that Plasse has compounded his previous fraud on the court, including false deposition testimony and document manipulation,

with recent and on-going deletion, concealment, and attempted backdating of files from his laptop and floppy disks. TEC's computer expert, EvidentData, obtained a forensic image of Plasse's computer and several floppy disks on July 26, 2005, and (1) recovered from one of the floppy disks a deleted resume which is identical in content to the resume in TEC's personnel file (a resume that Plasse, during his deposition, repeatedly denied having anything to do with); (2) identified numerous files with names such as "resume" and "cover letter" which were recently deleted or concealed; (3) demonstrated that Plasse deleted or concealed these and other relevant documents as recently as June 18, 2005; (4) found that just days before EvidentData obtained a forensic image of Plasse's computer, a user turned back the date on the laptop's system to July 24, 2000, which is the time when Plasse initially applied for his position with TEC; and (5) uncovered evidence of attempts to electronically backdate certain relevant documents to July 24, 2000.

      For these reasons, and all of the reasons discussed in the accompanying Memorandum and Exhibits, TEC respectfully requests that the Court allow TEC's motion and award expert costs and attorneys' fees to TEC.

                                  Respectfully submitted,

                                  TYCO ELECTRONICS CORPORATION,

                                By its attorneys:

                                /s/ Jeffrey D. Clements

                                _____
                                Jeffrey D. Clements, BBO #632544
                                Ingrid S. Martin, BBO #653632
                                Clements & Clements, LLP
                                50 Federal Street
                                Boston, MA 02110
                                (617) 451-1802

>Mark Diana, *pro hac vice*
>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
>10 Madison Avenue, Suite 402
>Morristown, NJ 07960
>(973) 656-1600

Dated: September 6, 2006

## CERTIFICATE OF SERVICE

  I, Jeffrey D. Clements, hereby certify that a copy of the foregoing document was served electronically and by first class mail to counsel of record for the plaintiff on September 6, 2005.

>/s/ Jeffrey D. Clements
>_____

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

  I, Jeffrey D. Clements, hereby certify pursuant to Local Rule 7.1(A)(2) that I conferred with Plaintiff's counsel concerning the filing of this motion as follows: On August 22, 2005, I provided a copy of the Report of Computer and Disk Inspection from Defendant's expert, EvidentData, to Maurice Cahillane, counsel for Plaintiff, and informed Mr. Cahillane that Defendant intended to renew its motion to dismiss and to seek sanctions for fraud on the court and for discovery misconduct. Since that date, Mr. Cahillane and I have spoken at length several times about the issue, and the present motion. Despite good faith efforts of counsel for the parties seeking to resolve the issues presented by the motion, such efforts have been unavailing.

>/s/ Jeffrey D. Clements
>_____
>Jeffrey D. Clements