UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. PLASSE )<br>      Plaintiff )<br>)<br>vs. )<br>)<br>TYCO ELECTRONICS )<br>CORPORATION, )<br>      Defendant ) | Civil Action No. 04-CV-30056-MAP |

**PLAINTIFF'S REPLY BRIEF**

Defendant's Reply only serves to demonstrate that they cannot refute the fact that they possess no evidence that the plaintiff forged Deposition Exhibit 9 or that he committed fraud on the court. Defendant concedes that they deliberately misrepresented to the court the contents of Exhibit 1 of their expert's report and compound this misrepresentation by now misrepresenting to the court what it claimed about that Exhibit 1 in its renewed motion.

Defendant, in its reply, asserts that the plaintiff destroyed "relevant" resumes and continues to make claims that are not supported by the evidence or its expert's report. In particular, defendant claims "the Evident Data Report makes even more compelling the previously convincing evidence that Plasse fabricated the resume he produced at the second day of his deposition" ... (Reply p. 9). Defendant asserts at page 6 of its reply that because certain named documents (resumes and cover letters), which had been viewed or accessed by the plaintiff at some points in time are no longer there ... "the court can and should infer that the destroyed and/or concealed documents would have shown that Deposition Exhibit 9 is not

1

authentic and that Plasse improperly altered a pre-existing resume to support his false testimony that he did not send a resume to Tyco Electronics Corporation in July 2000 in which he claimed to have an MBA degrees." (Reply p. 6).

These assertions are a continuation of the deceptive use of the evidence by the defendant. These assertions and conclusions are not findings or conclusions found in the expert's report - they are merely the defendant's "spin" on the evidence, an inference they try to squeeze out of a report that says no such thing. Defendant is unable, either by documentary evidence or its expert's opinion, to refute the statement of plaintiff's expert that "There is no evidence in the EvidentData report with which I was provided that any documents with appropriate file names were created or modified between November 28, 2004 and December 8, 2004." (See Affidavit of Jeffrey Sassinsky).

In asserting that Deposition Exhibit 9 is not authentic, defendant leaves out an overwhelming and conclusive fact: its expert's report shows that no such document (and none of the documents listed on page 9 of the Reply Brief) were written, edited or created at the time of, or before the plaintiff's deposition. Accessed, viewed and last written dates for these documents are contained in the defendant's expert report. No action was taken with respect to any resume or cover letter on or before the dates of plaintiff's deposition, the time when the plaintiff produced Deposition Exhibit 9. One could not rationally conclude from that evidence that Deposition Exhibit 9 was created or edited near that date, and defendant's expert does not say it ever was; only counsel makes this assertion. Recognizing this absence of evidence, the defendant tries at page 11 of its Reply to use the *absence* of evidence as evidence, speculating that the plaintiff could have fabricated the document on a different computer, such as his workplace computer,

2

that he "could" have run the document through a fax machine in November, 2004, and that he just happened to still have a four year old monster.com document hanging around to attach. The absence of evidence is not evidence. Defendants, lacking proof, resort to speculation.

With respect to the fax machine imprint, Mr. Plasse does not own or have access to the machine used in 2000. There are, or have been, however, fax machines which make proof marks on faxed documents (see Exh. A).

Defendant correctly points out that the plaintiff in his opposition incorrectly stated the dates of Mr. Plasse's deposition. This was counsel's mistake, as the undersigned was actually looking at a front page cover document which showed the date the stenographer sent the transcript and the bill. The actual dates, November 19 and November 29, 2004, are in fact more favorable to the plaintiff's position, because the expert report shows that plaintiff never accessed or viewed resumes on his computer *until after the deposition was over* - the night of the 29th.

Given the state of the evidence with respect to Deposition Exhibit 9, the defendant puts a new emphasis on its response to issues that are collateral to its original claim of fraud in the creation of Deposition Exhibit 9. For instance, defendants assert that the plaintiff "lied at his deposition when he denied submitting a resume to Tyco Electronics Corporation that stated he had an MBA." (Def. Brief at p. 9). Defendants ignore and leave out Mr. Plasse's repeated explanation of how such a resume could have ended up in Tyco's file: that on two occasions headhunters had altered his resume and sent it to prospective employers (Exh. B, p. 336). Mr. Plasse stated that he believed the "MBA resume" was "actually from a recruiter (Exh. B, p. 336) and could have been sent without his authority (Exh. B, p. 339) and that he had to send resumes to Tyco two or three times, clearly implying that he could have sent a mistaken one. (Exh. B, pp.

3

260-261, 336-337). Mr. Plasse stated, "It may have been one I sent in early on." (Exh. B, p. 266). "I may have sent a number of different resumes to the company." (Exh. B, p. 270). Mr. Plasse wasn't lying, he was confused because he didn't know what had happened. Defendants simply select a few isolated quotes to give a deceptive impression. Mr. Plasse testified that he explained to Thomas Humbert, who interviewed him, exactly what his educational status was, why he believed his other credits placed him close to an MBA (Exh. B, p. 255-256) and defendants have been unable to present any evidence to dispute this account even though the other party to the interview is its former employee.

Defendants assert that Mr. Plasse's account of where he found Deposition Exhibit 9 is "evasive, inconsistent and incredible." (Def. Brief p. 10). Here again, defendants simply select a few quotes without presenting all of Mr. Plasse's testimony on the subject. Mr. Plasse actually testified that the folder containing the resume may have been in both his desk and his brief case and that he may have moved it out of his desk to his brief case. (Exh. B, p. 353).

Defendants also state that the time changes on the computer make it "difficult not to infer that Plasse attempted to manipulate his computer' system date to make it appear that certain documents were created during the time period when he sent his resume to Tyco Electronics Corporation" (Def. Brief p. 8) and that "Evident Data encountered unexpected dating of certain files as July 24, 2000 (Def. Brief p. 7). *What* files or documents? Defendants (and its expert's report) point to no such document or file dated or attempted to be dated July 24, 2000. There is no document to infer anything about, and the date itself is meaningless, except that it is Mr. Plasse's birthday. If Mr. Plasse desired to alter or create a July 26, 2000 document on his computer by changing its date, he wouldn't change the date to July 24, 2000.

4

Defendant's attempt to defend their prior mispresentation to the court is both painfully inadequate and an exercise in further deception. The defendant claims that it "did not misrepresent the *nature* of the deleted resume" that is Exhibit 1 of the expert's report. Clearly defendant should concede that it misrepresented the truth and substance of the exhibit, but instead they further distort what they claimed in the first place. Defendant now states that it discussed the "striking *similarity*" of the recovered resume and the personnel file resume and the "common ways" that the resumes deviate from Def. Exh. 9 (Def. Reply, pp. 12-13). Plaintiff, the defendant claims, shows "a certain chatzpah" for pointing out their blatant misrepresentation to the court. Even though defendant admits that the documents are different, they claim they only made an "overstatement" that was in "no way intended to be misleading." (Def. Reply, p. 12 ).

Now the defendant says that what they claimed previously ("as made clear in TEC's brief") was only that the significance of the recovered resume "is in its misrepresentation of Plasse's educational credentials", adding:

> TEC's intention was to stress that both the recovered resume that Plasse deleted and the resume in Plasse's personnel file misrepresent identically that Plasse holds an MBA degree. (Def. Reply p. 12)

Unfortunately, *these* statements are also a brazen misrepresentation.[1] Defendants were not simply trying to stress the "similarity" of the documents. Instead, defendant claimed directly that Mr. Plasse had deleted the personnel file resume:

> TEC's expert has recovered a deleted resume on a floppy disk
> Plasse produced that is *identical in content to the resume contained*

---

[1] There is nothing meaningful about the documents being "similar" because Mr. Plasse already provided (prior to his deposition) a resume which claimed he had an MBA. Subsequently, deleting a similar resume, which had no relation to this case at all was meaningless.

5

*in Plasse's personnel file at TEC.* This discovery confirms TEC's prior contention that Plasse submitted a resume to TEC, in connection with his hiring, in which he misrepresented his educational credentials by falsely claiming to have an MBA. Worse, *this resume was apparently deleted from Plasse's floppy disk even while TEC's Motion to Compel Computer Production was pending,* a patently outrageous act of discovery misfeasance. (emphasis supplied).

(Def. Brief, p. 2)

The facts here are clear and irrefutable. EvidentData's inspection revealed the following critical information regarding the existence, origin and content of the recovered resume:

- A deleted file named "_ESUME.LWP" was located on Floppy Disk 007. *See Report §3.1*
- EvidentData was able to recover this deleted file. *See Report §3.1.*
- The recovered file is a copy of Plasse's resume. *See Report §3.1 & Ex. 1 to Report.*
- The recovered resume misrepresents that Plasse has an MBA. Specifically, it states "MBA, Western New England College, Springfield, MA." *See Ex. 1 to Report.*
- Significantly, the recovered resume *is identical in content* to the resume found in Plasse's TEC personnel file, which also falesely states, "MBA, Western New England College." *See Exhibit D.* (emphasis supplied).

(Def. Brief p. 10)

Finally, the defendant concludes in its original brief:

A picture of intentional destruction of evidence plainly emerges from these facts. After consistently denying under oath that he submitted a resume to TEC with the false MBA claim and then resisting for months TEC's request to produce his computer and floppy disks, Plasse realized he would shortly be forced to turn over incriminating evidence. While TEC's Motion to Compel was pending, Plasse searched his floppy disks, *found the fraudulent resume he originally submitted to TEC in July 2000, and deleted it.* This was a calculated and egregious attempt to prevent TEC from

6

mounting a defense to his lawsuit, and to cover up his lies at deposition. (emphasis supplied).

(Def. Brief, p. 11)

Obviously, defendant was not just "overstating" a "similarity" or "stressing" a "similarity": they were flat out representing to the court what they now concede they knew was a lie: that Exhibit 1 was the same document as the personnel file resume and, that Mr. Plasse deleted it.

Plaintiff does not doubt that the defendant's misrepresentations - both past and continued, merit sanctions under Fed. R.Civ.P. 11, but given that this case has already been consumed by collateral motions, plaintiff will leave that matter to the court's discretion.

THE PLAINTIFF, JAMES PLASSE<br>
BY HIS ATTORNEY

Dated: November 14, 2005

Maurice M. Cahillane, Esq., BBO# 069660
EGAN, FLANAGAN AND COHEN, P.C.
67 Market Street - Post Office Box 9035
Springfield, MA 01102
(413) 737-0260; Fax: (413) 737-0121

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served this 14th day of November, 2005, on all parties, by First Class Mail, postage prepaid, to:

Jeffrey D. Clements
Clements & Clements, LLP
50 Federal Street
Boston, MA 02110

/s/ Maurice M. Cahillane
Maurice M. Cahillane

11094-030300\101718.wpd