UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. PLASSE )<br>Plaintiff )<br> )<br>vs. )<br> )<br>TYCO ELECTRONICS )<br>CORPORATION, )<br>Defendant ) | Civil Action No. 04-CV-30056-MAP |

**PLAINTIFF'S REPLY BRIEF**

In their presentation to the court in oral argument on the renewed motion to dismiss the defendant arrived with a new "summary" and chart presenting still another "new" theory. First the defendant alleged that Deposition Exhibit #9 was a fabrication created in November, 2004. When their expert's examination of Mr. Plasse's computer revealed no evidence of the creation or even editing of a resume in 2004, defendant alleged that Mr. Plasse was guilty because he had deleted Exhibit 1 of the expert's report, which the defendant told the court was the same resume that was in Tyco's personnel file. When this theory was exposed as an outright falsehood, the defendant arrived in court with the present "new" theory: that Exhibit 3 of the expert's report (a post Tyco resume) shows that Deposition Exhibit 9 is a fabrication because it is "consistent" with a "more recent post Tyco resume" than it is with the Tyco personnel file resume. (Defendant's "Summary" p. 1). Defendant points to similarities in headings, descriptions, zip code use, college dates, and "layout."

1

A simple review of just one document (in the defendant's possession) demolishes this new theory. Attached as Exhibit A is Deposition Exh. 1 from Mr. Plasse's deposition. This is the resume that the plaintiff produced to the defendant in his automatic disclosures. It is obviously a "post Tyco" resume and, therefore, a "more recent" one than those from 2000. This post Tyco resume, however, shares all of the characteristics of the personnel file resume (and Exhibit 1 of the expert's report) which defendant claims are evidence of older 2000 resumes: it has the same style headings (relevant Skills, System Skills, Education, and References), it has very similar (but not identical) job descriptions, it uses zip codes and does not have dates of college attendance. In short, attached Exhibit A (Deposition Exh. 1) is a "more recent", "post Tyco" resume that shares all of the characteristics of the Tyco personnel file resume - proving that Mr. Plasse had each style of resume at each time period, and disproving the notion that all the post Tyco resumes are like Exhibit 3.

The theory that Deposition Exhibit 9 was created by just making deletions from Exhibit 3 is obviously false anyway. The expert's report does not indicate it was ever edited in 2004. These two documents have numerous differences. The most obvious is that Exhibit 3 has an introductory paragraph not found in Deposition Exhibit 9. (There is nothing "recent" about the content that would have created a motive to delete it.) Secondly, the documents have different headings. Deposition Exhibit 9 has only an address and home and work phone numbers, whereas Exhibit 3 has an email and cell phone number. The theory that sections of the resumes were transplanted is disproved by the fact that the job titles on Deposition Exhibit 9 are in small letters with initial capitals whereas in Exhibit 3 they are all caps. There are additional differences between Deposition Exhibit 9 and Exhibit 3. Within the job description, even where the content

2

is the same, the number of lines and spacing of the text differ.

Defendant also attempts to make something of the overall size differences of the resumes in Deposition Exhibit 9 and Exhibit 3. The size difference is exaggerated by the fact that the defendant presents a reduced size copy of Deposition Exhibit 9 and normal size copies of the others. In the interest of an accurate representation, the plaintiff attaches (Exhibit B) a regular size copy of Deposition Exhibit 9 as it was presented at the time.

Every other allegation contained in the defendant's most recent submission has already been refuted. Defendant also states that there was no evidence of Deposition Exhibit 9 on the disks produced by Mr. Plasse, and suggests that Mr. Plasse should have been able to produce Deposition Exhibit 9 sooner. However, Mr. Plasse has already testified at his deposition that Deposition Exhibit 9 was on his desktop computer at Tubed Products - his employer in 2000. (Exhibit C, p. 381).

THE PLAINTIFF, JAMES PLASSE
BY HIS ATTORNEY

Dated: December 2, 2005

Maurice M. Cahillane, Esq., BBO# 069660
EGAN, FLANAGAN AND COHEN, P.C.
67 Market Street - Post Office Box 9035
Springfield, MA 01102
(413) 737-0260; Fax: (413) 737-0121

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served this 2nd day of December, 2005, on all parties, by First Class Mail, postage prepaid, to:

Jeffrey D. Clements
Clements & Clements, LLP
50 Federal Street
Boston, MA 02110

                                    Maurice M. Cahillane

11094-030300\102955.wpd