UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. PLASSE )<br>     Plaintiff )<br>)<br>vs. )<br>)<br>TYCO ELECTRONICS )<br>CORPORATION, )<br>     Defendant ) | Civil Action No. 04-CV-30056-MAP |

**OPPOSITION TO DEFENDANT'S**
**APPLICATION FOR FEES AND COSTS**

Now comes the Plaintiff and appeals the Defendant's application for fees and costs for the reasons set forth below.

1. The Court has already awarded the severe sanction of dismissing the Plaintiff's case for destroying or modifying potentially relevant documents. Assessing the sanctions that are sought by the Defendant is extreme and would be financially disastrous to Mr. Plasse and his family. Mr. Plasse is an accountant with an average income and is not in a position to pay the kind of legal fees and expenses billed to a large corporation. Plaintiff requests that the Defendant, having already obtained dismissal of the case, should not also receive a huge monetary award. Plaintiff believes that the Court should also consider that at the time of the expert's report, the Plaintiff offered to voluntarily dismiss the action but Defendants insisted on payment of their expert's fees.

2. Even if fees and costs are awarded to the defendants, the amounts sought are excessive and based on duplication of work by not only multiple lawyers, but multiple lawyers in

multiple firms. Major amounts of time were spent by two law firms "reviewing and revising" the work of another firm. Plaintiff's particularly objections are noted below.

3. Attorney Clements submits a request for time spent between February 23, 2005 and March 4, 2005 in responding to Plaintiff's opposition. From Defendant's time sheets, it is clear that this time was largely spent addressing the Plaintiff's assertion that defendants were presenting different copies of Mr. Plasse's personnel file and resumes and that Ms. Ayala's affidavit concerning them was not accurate. In fact, Ms. Ayala submitted a subsequent affidavit revealing that her first affidavit (stating that she had copied Mr. Plasse's entire personnel file) was untrue and that she had removed materials from it. Plaintiff should not be responsible for Defendant's need to respond to and correct its own false affidavit. This involves 19.2 hours of time on this response.

4. In Mark Diana's submission, the first entries from 3/1/05 to 4/15/05 almost uniformly involve "review and revision" of what was apparently Mr. Clement's work. These entries total 10.8 hours.

5. Mr. Clements' firm's entries from 5/2/05, 5/3/05, 5/6/05, 5/13/05, 5/16/5 and 5/18/05, all appear to involve "review and revisions" of Mr. Diana's firm's work. On 6/6/05, Mr. Diana's firm reviews an engagement letter with the expert work apparently already done by Mr. Clements' firm. These entries total 5.4 hours.

6. From 5/16/05 to 6/16/05, both law firms worked on the same motion to compel, spent enormous amounts of time "reviewing and revising" each other's work, and both firms bill for the preparation for and appearance at hearings in Court. This totals 87.5 hours which Plaintiff submits should be cut in half by 43.75 hours.

7. From 7/15/05 to 8/1/05, Mr. Diana's firm has 2.4 hours of time devoted to the undisclosed anonymous ink expert. In their submission of experts costs, defendant's refuse to disclose the expert's identity. There is no privilege for the identity of the expert and no reason for submitting an anonymous bill.

8. On 7/21/05 and 7/22/05, both law firms prepare for Mr. Plasse's deposition even though Mr. Clement's firm is the sole firm taking the deposition. Mr. Diana's firm's bill of 2.5 hours is duplicative.

9. From 7/27/05 to 12/2/05, both law firms again jointly work on the same renewed motion, the same expert report and the same court hearing. This totals 141 hours which Plaintiff asserts are duplicative and should be cut in half to 70.5 hours.

10. It would appear from their submissions that neither firm made any use of paralegal time even for such matters as compiling documents and exhibits.

11. The hours cited above as unnecessary and/or duplicative total 154.55 hours which at an estimated blended rate of $275 per hour would result in a reduction of $42,501.25. It should be noted that Mr. Diana does not reveal what fees are actually paid to his firm and therefore they cannot be determined with any precision. The elimination of the "anonymous" expert's fee would bring the reduction to $45,501.25.

12. Consideration should also be given to the 9/2/05 offer to dismiss the case. After this date, $21,422.50 of fees are requested, half of which were in the duplication cited above.

13. Plaintiff therefore requests that if fees and costs are awarded, that the amount requested be reduced by at least $56,212.50.

                                          THE PLAINTIFF, JAMES PLASSE
                                          BY HIS ATTORNEY

Dated: October 19, 2006

                                          /s/ Maurice M. Cahillane
                                          Maurice M. Cahillane, Esq., BBO# 069660
                                          EGAN, FLANAGAN AND COHEN, P.C.
                                          67 Market Street - Post Office Box 9035
                                          Springfield, MA 01102
                                          (413) 737-0260; Fax: (413) 737-0121