# CLEMENTS & CLEMENTS, LLP
### 50 FEDERAL STREET
### BOSTON, MASSACHUSETTS 02110

Jeffrey D. Clements  
jclements@clementsllp.com

Phone: (617) 451-1802  
Fax:   (617) 451-6060

December 13, 2004

**BY FAX AND FIRST CLASS MAIL**

Maurice M. Cahillane, Esq.  
Egan, Flanagan & Cohen, P.C.  
67 Market Street  
Springfield, MA  01102

    Re:    <u>Plasse v. Tyco Electronics Corporation (04-CV-30056-MAP)</u>

Dear Maurice:

    I am writing to follow up on our recent discussions concerning the issues arising from Mr. Plasse's deposition. I also wanted to reiterate our request that you agree to dismiss this action for reasons that we have discussed, and that I will elaborate on below.

    The most serious issue concerns Mr. Plasse's false representation to Tyco Electronics when he applied for one of the Controller positions in 2000, and his dishonest actions in this litigation in seeking to conceal that misrepresentation. We have provided you with copies of Mr. Plasse's letter, resume, and signed application and verification, and these are also contained in Plasse Deposition Exhibit 15.

    It is beyond dispute that Mr. Plasse submitted a resume to Tyco Electronics in which he falsely claimed to have an MBA degree from Western New England College. This false claim of an MBA degree is not only contained in Mr. Plasse's resume, but he made the same claim in his own handwriting in his Application for Employment. Mr. Plasse then signed a verification and agreement that any false information in the Application or in his resume would be grounds for disqualification, and, if later discovered, termination.

    In his deposition, Mr. Plasse admitted under oath not only that he never received an MBA degree from Western New England College or any other institution, but that he has not taken a course at Western New England College since at least 1989. As troubling as Mr. Plasse's false representations about his education and his qualifications for the position of Controller is his dishonest conduct when questioned about this issue in this litigation. Mr. Plasse made repeated false statements under oath, and appears to have fabricated for production in this litigation a document that he thought would support his false testimony.

Maurice Cahillane, Esq.
December 13, 2004
Page 2

In the first day of his testimony, Mr. Plasse made repeated false statements about whether he had claimed to have an MBA degree or had submitted resumes stating that he had received an MBA degree. For example:

- Mr. Plasse falsely testified that he never claimed to have received an MBA degree. ("Have you ever claimed to have gotten an MBA? No.") (Vol. 1, p. 9)

- Over and over again, Mr. Plasse testified falsely that he never submitted a resume to Tyco Electronics in which he falsely claimed to have an MBA, and he falsely insisted that "all" of his resumes and "all the resumes I have say candidate" for MBA:

    - All of "the resumes I've submitted to any employer has candidate for MBA." (Vol. 1, p. 11, 22)

    - "I may have put that [MBA] on one of the resumes in anticipation of getting or hitting that milestone at that point in time, but when I submit that, the ones after that I've submitted for employment all say candidate."

    - "If it was going to an agency or employer, it would say candidate."

    - "This [Exhibit 1] is something that was on my computer that was not sent to any employer. My resume at Tyco says candidate for master's degree."

See Vol. 1, at 11, 22.

- Plasse falsely attributed the MBA claim on Exhibit 1 to "a recruiter." He then admitted "it must have come from me to give to my attorney" and was "possibly" produced on his computer. (Vol. 1, at 11).

In the second day of his deposition, Mr. Plasse again falsely insisted that he never represented to Tyco Electronics that he had received an MBA degree:

    Q.    Did you send a resume to Tyco Electronics that stated that you had an M.B.A.?
    A.    No.
    Q.    Are you sure about that?
    A.    Yes, I am.

See Vol. 2 at 254-255.

Shortly before the second day of his deposition on November 29, 2004, Mr. Plasse produced a document that, according to his testimony under oath, was a copy of his application letter and resume that he says he faxed to Tyco Electronics when he applied for the position. The resume included in the document that Mr. Plasse discovered

after the first day of his deposition contained the following entry: "Western New England College, Springfield, MA (Pursuing MBA/Candidate)." *See* Plasse Deposition Exhibit 9.

When confronted by the fact that the resume and cover letter in his Tyco Electronics personnel file did not match the cover letter and resume that Mr. Plasse maintains he had just discovered "in his briefcase," Mr. Plasse again was evasive and inconsistent. First, he suggested that it was a "possibility" that someone else had sent in his resume and cover letter to Tyco Electronics. Then, he claimed that Tyco Electronics "lost" the resume that he had faxed so he mailed an additional resume. *See* Vol. II at 336-337. When asked whether he had any knowledge or evidence that someone at Tyco Electronics lost his first resume, he replied that he did not. *See* Vol. II at 340.

Again, it cannot seriously be disputed that Mr. Plasse did send a resume and an application to Tyco Electronics in which he falsely stated that he had an M.B.A. degree. In addition to that resume, Mr. Plasse, in his own handwriting, not only described his degree as "M.B.A." but claimed to have taken courses at Western New England College between 1992 and 2000. In his deposition, Mr. Plasse testified that, in fact, he last took a course at that institution in 1989.

The conclusion that Mr. Plasse fabricated his newly discovered resume and cover letter to Tyco Electronics because he believed it would back up his repeated testimony that any resume he sent to an employer would say "M.B.A. Candidate" is also based on Mr. Plasse's inconsistent, and, frankly, incredible explanations for where he discovered the document.

For much of the second day of his deposition, Mr. Plasse was adamant that he had found the document in his "briefcase." Asked where he had found the document, he responded, "Actually, I had it in my briefcase." (Vol. II at 257). When asked if he had altered the document since July 2000, Mr. Plasse stated that he did not, and that "This [Exhibit 9] is what I had in my briefcase." (Vol. II at 260, 270, 350). *See also* Vol. II at 271 ("This [Exhibit 9] was what was attached to the facsimile. I didn't change anything. This was in my briefcase."); Vol. II at 351 ("Q. Specifically, what briefcase did that document [Exhibit 9] come from? A. It would have been one of my older briefcases in my office. Q. Was it in fact? Is that your testimony? A. Yes, it was. Yes, it was.").

When the implausibility of the briefcase explanation became increasingly obvious, Mr. Plasse simply changed stories, practically without skipping a beat:

    A. Yeah, it was in another folder with some Tyco booklets I have.
    Q. Where was that folder?
    A. Where was that folder? It was in my desk-- in another folder separate from the e-mails I had."
    Q. And where specifically, a desk drawer?
    A. Yes, a desk drawer.
    Q. So it wasn't in the briefcase?

Maurice Cahillane, Esq.
December 13, 2004
Page 4

    A. No.

    *See* Vol. II at 354-355.

    I do not make accusations of perjured testimony or fabrication of documents often or lightly, but the evidence that both of those have occurred in this case is too strong to ignore. We will be seeking appropriate sanctions, including dismissal of the case. As we have our long-delayed Scheduling Conference on January 4, 2004, I intend to bring the issue to the Court's attention at that time, and would like to ensure that the evidence to which we are entitled is available. I reiterate my request that you produce Mr. Plasse's computer and disks for inspection, as well as the additional documents and e-mails that Mr. Plasse failed to produce, as described in his deposition testimony.

    We also intend to serve third-party subpoenas seeking to determine the actual facts about Mr. Plasse's education and his claims in his deposition. I anticipate that these will include the colleges identified on Mr. Plasse's resume and Professional Search, Inc., which Mr. Plasse suggested may have caused his resume to contain the false MBA degree entry. I will attempt to coordinate with you the scheduling of any depositions that may be necessary with respect to these subpoenas.

    I left you a voicemail last Tuesday, and would like to confer with you about this matter, and pursuant to Local Rule 7.1(A)(2) concerning our sanctions motion. Of course, we also need to confer under the Court's Order and Notice of Scheduling Conference. I look forward to hearing from you.

    Sincerely yours,

    Jeffrey D. Clements