Law Offices Of

# Egan, Flanagan and Cohen, P.C.

67 Market Street
P.O. Box 9035
Springfield, Massachusetts 01102-9035

Phone: (413) 737-0260 • Telefax: (413) 737-0121
Chicopee Office: (413) 594-2114 *by appointment only*
Web site: www.eganflanagan.com

William C. Flanagan +
John J. Egan
Theodore C. Brown
Edward J. McDonough, Jr.
Maurice M. Cahillane
Robert L. Quinn
Eileen Z. Sorrentino
Joseph A. Pacella*
Joseph M. Pacella
Kevin D. Withers
Paula C. Tredeau
Richard J. Kos
Joan F. McDonough
Katherine A. Day
Jennifer Midura D'Amour*

*Senior Counsel*
   Mary E. Boland

*Of Counsel*
   David G. Cohen♦

James F. Egan
   (1896-1986)
Edward T. Collins
   (1902-1995)
Charles S. Cohen
   (1931-2004)

*Also admitted in CT
'Also admitted in DC
 Also admitted in FL
♦Also admitted in NY
 Also admitted in TX

December 28, 2004

Jeffrey D. Clements, Esq.
Clements & Clements, LLP
50 Federal Street
Boston, MA 02110

RE:   Plasse v. Tyco Electronics Corporation

Dear Jeff:

      This is to respond to your letter of December 3, 2004, in which you make accusations of fraud and perjury against Mr. Plasse. This continues your prior threat to me to accuse Mr. Plasse of this conduct in an attempt to persuade us to dismiss the case.

      Your claim that it is "beyond dispute" that Mr. Plasse submitted a "false" resume to Tyco is based only on your own biased assumption that Mr. Plasse is not telling the truth in his testimony and not on actual evidence. In making this accusation you completely ignore how this whole issue arose: that I, as counsel, produced to you a resume that said MBA (without the "candidate" qualification of Mr. Plasse's other resumes). It was a document he had provided to me among other documents which I sent to you because of its apparent relevance as a resume without knowing there was ever an issue surrounding the "MBA" reference, or even knowing whether it had ever been given to anyone other than myself. I cannot help but note that the resume which you have received from the recruiter contains the "candidate" qualification. In fact, there is no evidence that a resume that only says MBA was given to Tyco. There is only your assertion of this. And in an age of word processing it is hardly surprising that Mr. Plasse had in his own possession a document that does not have all the wording of other similar documents. If he were engaged in some attempt to deceive Tyco or the court, why would he have produced the resume copy that only says MBA?

Jeffrey D. Clements, Esq.                                           December 28, 2004
Clements and Clements, LLP                                                    Page 2

      I note, as I have told you, that the personnel file provided by Tyco to Mr. Plasse contained no resume at all, hence Tyco's claim to have ever received a false resume is not supported by the record. That Tyco, after receiving the resume copy from *me* (with MBA only on it) now claims to have such a resume in the personnel file would be evidence that *Tyco*, not Mr. Plasse, is falsifying documents.

      I have the original fax that Mr. Plasse testified he sent to Tyco and it certainly does not appear to be new or recently contrived. It contains a red mark apparently made by machine which would substantiate its being sent previously. Mr. Plasse also states that he discussed his educational status truthfully when interviewed at Tyco for a job that did not require an MBA. Your request for sanctions and dismissal seems frivolous to me.

      Your arguments about where Mr. Plasse found the resume are a mystery to me. There is nothing more plausible about a documents being in a desk than in a briefcase. If you really believe that you should have Mr. Plasse's computer, you should make a conventional discovery request. If there are other documents or emails that Mr. Plasse "failed to produce", please itemize them and we will produce them if appropriate.

                                      Sincerely,

                                      Maurice M. Cahillane

MMC/par

11094-030300\82276.wpd