UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
JAMES M. PLASSE,            )
        Plaintiff           )
                            )
     v.                     )  CIVIL ACTION NO. 04-30056-MAP
                            )
TYCO ELECTRONICS CORP.,     )
        Defendant           )
```

MEMORANDUM AND ORDER REGARDING
DEFENDANT'S BILL OF COSTS
(Dkt. No. 53)

November 8, 2006

PONSOR, D.J.

On September 7, 2006, this court issued an order allowing Defendant's Renewed Motion to Dismiss and for Sanctions (Dkt. No. 36), based upon the court's finding that Plaintiff had "destroyed or concealed evidence, engaging in an egregious pattern of misconduct that ha[d] hampered the proceedings in this case." Dkt. No. 51 at 24. As part of this ruling, the court gave Defendant permission to submit its application for costs and attorney's fees.

On September 28, 2006, Defendant submitted its application, seeking $79,524.07 in attorney's fees and costs in the amount of $20,472.32.

It is well established that a court "possesses inherent

equitable powers to award attorneys' fees against the party that has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Mullane v. Chambers, 333 F.3d 322, 337-38 (1st Cir. 2003), quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991). The First Circuit has emphasized that inherent power should be exercised "sparingly and reserved for egregious circumstances . . . ." Whitney Bros. Co. v. Sprafkin, 60 F.3d 8, 13 (1st Cir. 1995) (quoting Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993)).

In this case, the detailed explanation justifying an award of attorney's fees has been set out at length in the court's memorandum allowing Defendant's Renewed Motion to Dismiss and for Sanctions. See Dkt. No. 51. As the memorandum demonstrates, clear and convincing evidence confirms that Plaintiff here not only altered and destroyed evidence to prevent relevant discovery by Defendant, but continued to modify and destroy evidence even after the court itself had made it clear that the evidence constituted an appropriate area of inquiry for Defendant. As the court stated in its memorandum, "[t]hrough his conduct, Plaintiff has consistently demonstrated an unwillingness to proceed

fairly and openly in this litigation, and has directly flouted this court's authority by destroying or modifying documents <u>after</u> the court specifically invited Defendant to obtain an inspection of Plaintiff's computer and disks." Dkt. No. 51 at 23.

Given Plaintiff's egregious conduct, an award of fees and costs is only fair. Given the record of this case, however, a fee award of nearly $80,000 would be excessive. The record of the case, as Plaintiff points out, evidences some degree of duplication and overkill. Based on this, the court will award attorney's fees in the amount of $35,000.00. The court will award Defendant its full costs, since retention of experts was particularly necessary to uncover Plaintiff's skulduggery.

In summary, for the reasons stated, the court hereby awards Defendant attorney's fees in the amount of $35,000.00 and costs in the amount of $20,472.32.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge